# EXHIBIT A

Fulton County Superior Court
***EFILED***BR
Date: 8/12/2016 11:58:37 AM
Cathelene Robinson, Clerk

IN THE SUPERIOR COURT OF FULTON COUNTY
STATE OF GEORGIA

JENNIFER STEPHENS, FAYTH BOND,
RITA GETTIS, KRISTI MAYO,
DEONICA JONES, BELINDA ZACHARY,
and TRACEY GENERAL

                Plaintiffs,

v.

FULTON COUNTY, SHERIFF
THEODORE JACKSON in his Official capacity
as the Fulton County Sheriff, and John Does 1 & 2,
individually and in their official capacities
as employees of the Fulton County Sheriffs
department and Fulton County.

                Defendants.

Civil Action
File No.:  2016CV278847

## COMPLAINT FOR DAMAGES

COMES NOW, **Jennifer Stephens, Fayth Bond, Rita Gettis, Kristi Mayo, Deonica Jones, Belinda Zackary, and Tracey General**, Plaintiffs in the above styled action, pursuant to O.C.G.A. § 9-2-61 and having met all requirements under O.C.G.A. § 9-2-61, hereby re-files their Complaint for Damages (originally filed as Civil Action File No. 1:13-CV-01528-RWS-GGB) against Defendants, Fulton County, Sheriff Theodore Jackson in his Official capacity as the Fulton County Sheriff, and John Does 1 & 2, individually and in their official capacities as employees of the Fulton County Sheriffs department and Fulton County, respectfully showing the Court as follows:

## JURISDICTION AND VENUE

1.

Plaintiffs bring this action against Defendants, including all agents and employees of the Defendants, to recover for injuries, pain and suffering, lost wages, medical expenses and all other damages as allowed under Georgia law for Defendants' violations of Title VII, 42 U.S.C. § 1983, and for Defendants' Invasion of Privacy, Negligence Per Se, Intentional Infliction of Emotional Distress, False Imprisonment, Negligent and/or Failure to Train and Supervise.

2.

Defendants Fulton County and Sheriff Theodore Jackson are vicariously liable for the acts and omissions of their employees, agents, or contractors pursuant to the doctrine of respondeat superior.

3.

Defendants are subject to the jurisdiction of this Court.

4.

Venue is proper in this Court as to Defendants

5.

All conditions precedent to jurisdiction under Title VII have occurred or have been complied with; specifically, Plaintiffs filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"), and Plaintiffs brought suit within ninety (90) days of receipt of the Notice of the Right to Sue. (See Notices of Right to Sue attached hereto as exhibit "A")

## THE PARTIES

6.

Plaintiffs incorporate paragraphs 1 through 5 of this Complaint for Damages as fully set

forth herein.

7.

Defendant Fulton County is a political subdivision of the State of Georgia and is subject to the jurisdiction of this honorable Court.

8.

Defendant Fulton County may be served with a copy of this Complaint and process by serving the Chairman of the Fulton County Board of Commissioners, John H. Eaves, at his business address of 141 Pryor Street, S.W., Suite 10019, Atlanta, Georgia 30303.

9.

Defendant Fulton County Sheriff Theodore Jackson is subject to the jurisdiction and venue of this honorable Court and may be served with a copy of this Complaint and process through the Fulton County Sheriff's Department, Fulton County Justice Center Tower, 9th Floor, 185 Central Avenue, S.W., Atlanta, Georgia 30303.

10.

Defendant Fulton County Sheriff Theodore Jackson in his capacity as Fulton County Sheriff is a "department head" and "appointed authority". As such, he is the highest-level policy maker and decision-maker within the Fulton County Sheriff's office. Defendant Jackson is sued both individually and in his official capacity as Fulton County Sheriff.

11.

Defendant Fulton County Sheriff Theodore Jackson actively participated in and/or approved the decisions and actions complained of herein, and shared, knew of, condoned, ratified, and acquiesced in unlawful discriminatory motives in the underlying actions.

12.

Defendants John Doe 1 & 2 are unnamed agents, managers, and employees of the Fulton County Sheriff's Department and of the Fulton County Sheriff and of Fulton County and at all times ratified, conspired in, or in other ways participated in the discriminatory and illegal acts of Defendants Fulton County and the Fulton County Sheriff's Department.

13.

Plaintiff Jennifer L. Stephens, (hereinafter, "Ms. Stephens" or "Plaintiff") resides at 2167 Crestwood Drive, Conyers, GA 30314 and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

14.

Plaintiff Fayth Bond, (hereinafter, "Ms. Bond" or "Plaintiff") resides at 118 Clark Drive, Ellenwood, GA 30294, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

15.

Plaintiff Rita R. Gettis, (hereinafter, "Ms. Gettis" or "Plaintiff") resides at 3094 Parc Lorraine Circle, Lithonia, GA 30038, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

16.

Plaintiff Kristi Mayo, (hereinafter, "Ms. Mayo" or "Plaintiff") resides at 1448 Sherrie Lane, Atlanta, GA 30331-6812 and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

17.

-4-

Plaintiff Deonica Jones, (hereinafter, "Ms. Jones" or "Plaintiff") resides at 2150 Olmadison View, Atlanta, GA 30349, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

18.

Plaintiff Belinda Zackary, (hereinafter, "Ms. Zackary" or "Plaintiff") resides at 1458 Eason St. NW, Atlanta, GA 30314 and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

19.

Plaintiff Tracey General, (hereinafter, "Ms. General" or "Plaintiff") resides at 4638 Greenbriar Trail, Atlanta, GA 30331, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

20.

At all times relevant to this action and for all purposes, Plaintiffs were employees of the Fulton County Sheriff working in the Fulton County Sheriff's Department, Fulton County, Georgia, and, were and are also employees of Fulton County Georgia.

21.

All of the conduct alleged herein occurred under color of state and local law, pursuant to the policy, custom, and usage of Fulton County, Georgia, and/or was accomplished with the approval, ratification, or condoning by Fulton County officials who possessed final policy making and decision-making authority with regard to the actions complained of herein.

## **FACTUAL ALLEGATIONS**

### **Jennifer Stephens**

-5-

22.

Plaintiffs incorporate paragraphs 1 through 21 of this Complaint for Damages as fully set forth herein.

23.

Ms. Stephens began her employment with Fulton County Sheriff's Department on or about May 4, 2005.

24.

Ms. Stephens is a civilian employee of the Fulton County Sheriff's Department.

25.

On or about August 7, 2012, Ms. Stephens, who held the position of Librarian II at the Fulton County Jail, was informed that she needed to report to the cafeteria for random drug testing.

26.

A few minutes after Ms. Stephens drank some water, an officer from the Office of Professional Standards ("OPS") ordered her to use the bathroom to urinate which Ms. Stephens attempted to do.

27.

The officer and Ms. Stephens proceeded into the women's locker room where Ms. Stephens entered each of the three stalls only to find urine on the toilet seats and floor and toilets containing urine and other matter.

28.

As ordered, Ms. Stephens entered a stall and wiped the toilet seat with tissue paper.

29.

Upon entering the stall, Ms. Stephens saw a large clear trash bag on the floor containing cups of half emptied urine and brown paper towels, some of which were spilling out onto the floor.

30.

After the officer explained the procedure, the officer took a plastic cup and made a hash mark on it explaining that Ms. Stephens was to fill the cup with urine up to the hash mark and then pour the urine from the cup into two plastic vials.

31.

When Ms. Stephens proceeded into the bathroom stall and started to close the door, the officer told her that the door must remain open.

32.

The officer watched Ms. Stephens as she squatted over the toilet and attempted to urinate into the plastic cup but she could not fill the cup to the specified line.

33.

When Ms. Stephens returned the cup with urine in it to the officer, the officer stated that she did not fill the cup to the hash mark and that she needed to empty the cup of its contents and throw it away.

34.

Ms. Stephens flushed the urine in the toilet and placed the plastic container into the clear trash bag located on the floor of the women's locker room.

35.

Ms. Stephens washed her hands and the officer instructed her to return to the cafeteria to drink some more water until she had to urinate again.

36.

After approximately an hour of waiting in the cafeteria and drinking water, the officer asked her if she was ready to go to the restroom and Ms. Stephens stated that she was not.

37.

While waiting in the cafeteria, a male officer commented to Ms. Stephens that she has "a good bladder."

38.

While waiting in the cafeteria, Ms. Stephens heard an officer conducting the urine sampling reveal private details about other employees being tested by telling other OPS officers that two of her colleagues had defecated in the process of providing urine samples and that one individual said she was on her menstrual cycle, but there was no blood in that individual's urine sample, and that one of the urine samples was not at room temperature and that the individual must have dipped her cup into the toilet, and then told that individual: "You must be dead."

39.

At this point, Ms. Stephens began to feel fearful, violated, humiliated, nauseated, and unwell.

40.

Shortly after drinking some warm water at the instruction of another officer, Ms. Stephens observed members of the OPS staff running around the room stating that Tina Turner died.

41.

When, at the orders of another OPS officer, Ms. Stephens began drinking orange juice, she became light-headed, dizzy and vomited on the floor.

42.

After obtaining permission to leave, Ms. Stephens left and attempted to enter the bathroom near her office, but she vomited again before she was able to do so.

43.

As a result of her experiences during the drug test, Ms. Stephens became physically ill and was not able to sleep or eat.

**Fayth Bond**

44.

Plaintiffs incorporate paragraphs 1 through 42 of this Complaint for Damages as fully set forth herein.

45.

Ms. Bond began her employment with Fulton County Sheriff's Department on or about May 2007.

46.

Ms. Bond is a civilian employee of the Fulton County Sheriff's Department.

47.

On or about August 7, 2012, Ms. Bond, who held the position of Law Library Associate, at the Fulton County Sheriff's Office, was informed that she needed to report to the cafeteria for a random drug test.

48.

After approximately twenty (20) minutes of waiting Ms. Bond was escorted into the locker room where she was instructed to fill a specimen cup up to a line.

49.

When Ms. Bond went into a stall and proceeded to close the door, she was told that she was ordered to leave the door open and Ms. Bond complied assuming that the monitor would stand outside the door.

50.

Once Ms. Bond began to pull down her pants, she questioned the monitor about standing in the stall with her.

51.

After the monitor indicated that she would be remaining in the stall, Ms. Bond paused and then told the monitor that it would be difficult for her to urinate because she did not know the monitor and lack of privacy but the monitor did not respond and continued to stare at Ms. Bond.

52.

After Ms. Bond urinated in the plastic cup, she was ordered to fill two smaller cups with urine from the plastic cup, pour the remaining urine into the toilet and to not flush the toilet.

53.

Once Ms. Bond placed the specimen cups into a plastic bag, the bag was sealed and Ms. Bond inquired what to do about the used plastic cup.

54.

-10-

Ms. Bond was instructed to place the used urine specimen cup into an open trash bag lying on the floor that contained approximately 20-25 used urine specimen cups.

55.

Ms. Bond washed her hands and was told that she was free to go.

56.

Due to the grotesque and demeaning manner in which the drug test was conducted, Ms. Bond felt humiliated, and degraded and suffered a severe headache and could not fall asleep without pain medication.

**Rita Gettis**

57.

Plaintiffs incorporate paragraphs 1 through 56 of this Complaint for Damages as fully set forth herein.

58.

Ms. Gettis began her employment with Fulton County Sheriff's Department on or about December 5, 1990.

59.

Ms. Gettis is a civilian employee of the Fulton County Sheriff's Department.

60.

On or about August 7, 2012, Ms. Gettis, who held the position of Law Librarian at the Fulton County Sheriff's Office, was asked to submit to a random drug test at the Fulton County Jail to be administered by female members of the OPS.

61.

Ms. Gettis was instructed to proceed to the women's locker room to submit a urine sample.

64.

Because Ms. Gettis did not have to use the restroom at that moment, she was ordered to drink some water and that there was some orange juice available.

63.

Ms. Gettis consumed several cups of water and a cup of coffee in an effort to speed up the urgency of urination.

64.

When Ms. Gettis was ready to use the restroom, she informed the Lieutenant and was led down from the cafeteria into the women's locker room.

65.

Once in the locker room, Ms. Gettis was handed a plastic cup and informed that the OPS officer was going to stand in the stall and watch her urinate into the plastic cup.

66.

Ms. Gettis was not able to give the required amount of urine so she returned to the cafeteria to drink some more water and a cup of tea.

67.

Once Ms. Gettis was ready to use the bathroom, she went back into the locker room and into a stall where she urinated into a plastic cup in front of a different Sherriff's Department employee, thus she was forced to urinate twice in front of two different people.

68.

Once Ms. Gettis completed the drug testing by filling two plastic vials, she was instructed to seal the two vials and to throw the large plastic cup in which she urinated into the trash.

69.

The trash was open and exposed and contained plastic cups that were used for the collection of urine and, the locker room was soiled and unclean.

**Kristi Mayo**

70.

Plaintiffs incorporate paragraphs 1 through 69 of this Complaint for Damages as fully set forth herein.

71.

Ms. Mayo began her employment with Fulton County Sheriff's Department on or about November 3, 2004.

72.

Ms. Mayo is a sworn officer of the Fulton County Sheriff's Department.

73.

On or about August 7, 2012, Ms. Mayo, who held the position of Detention Officer at Grady Detention, was contacted by a Security Specialist and informed that she needed to report to Administration and ask for a lieutenant from OPS.

74.

Once Ms. Mayo arrived at the Jail, she was informed that she was there for random drug testing.

75.

When Ms. Mayo was escorted to the female locker room, she immediately noticed that there was no private place for the drug testing to occur.

76.

Ms. Mayo was allowed to witness a colleague urinate into a cup causing Ms. Mayo to feel uncomfortable and embarrassed at the sight and at the violation of the privacy of her fellow worker.

77.

A sergeant explained to Ms. Mayo that she had to leave the door open and use the restroom in a testing cup which allowed the Sergeant and other people in the locker room to watch her urinate.

78.

Once Ms. Mayo entered the stall, she saw urine all over the toilet and floor from previous people's drug test.

79.

Ms. Mayo brought the disgusting and unsanitary conditions to the attention of the Sergeant who got a paper towel and wiped the toilet using no cleaning supplies.

80.

The Sergeant neglected to wipe the floor or any other areas in the stall, which forced Ms. Mayo to stand in urine in order complete her drug test.

81.

Moreover, when Ms. Mayo began to use the restroom she was witnessed by the sergeant who was standing directly in front of her, a colleague who was washing her hands in a sink

across from the stall, a lieutenant who was talking to the sergeant, and another colleague who walked into the restroom to be tested.

82.

Due to the manner in which the drug testing was conducted, Ms. Mayo was forced to expose her vagina to four different people causing her to feel inferior, embarrassed, shamed, humiliated and degraded.

**Deonica Jones**

83.

Plaintiffs incorporate paragraphs 1 through 82 of this Complaint for Damages as fully set forth herein.

84.

Ms. Jones began her employment with Fulton County Sheriff's Department on or about January 2008.

85.

Ms. Jones is a sworn officer of the Fulton County Sheriff's Department.

86.

On or about August 7, 2012, Ms. Jones, who held the position of Detention Officer, at the Fulton County Sheriff's Office, was informed by administration immediately following roll call to submit urine for a random drug test.

87.

Ms. Jones was told to use a urine cup for her specimen.

88.

Ms. Jones informed the sergeant that she was currently on her menstrual cycle and asked the sergeant to step back and turn her head, but the sergeant replied "No."

89.

A sergeant watched Ms. Jones as she urinated, which caused her to feel violated, humiliated and degraded.

**Belinda Zackary**

90.

Plaintiffs incorporate paragraphs 1 through 89 of this Complaint for Damages as fully set forth herein.

91.

Ms. Zackary began her employment with Fulton County Sheriff's Department on or about May 2000.

92.

Ms. Zackary is a civilian employee of the Fulton County Sheriff's Department.

93.

On or about August 7, 2012, Ms. Zackary, who held the position of Security Specialist at the Fulton County Sheriff's Office, was told to remain with a Sergeant after roll call along with several of other employees.

94.

Ms. Zackary was led to an upper level and told that she was going to have a drug test.

95.

As Ms. Zackary entered the bathroom, she noticed another employee in a bathroom stall

-16-

urinating into a cup with the door wide open causing Ms. Zackary to feel shocked at seeing another employee's private parts and vagina.

96.

As Ms. Zackary proceeded into the stall she was not allowed to close the door and was watched by a sergeant standing directly across from her who could view her vagina.

97.

As. Ms. Zackary was attempting to urinate into the plastic cup, she saw another employee walk by and look directly at her; moreover, anyone and everyone who walked into the locker room was able to see her, her vagina and private parts.

98.

Once Ms. Zackary was finished, she went to the sink where she left her specimen cups and poured the urine into them and she sealed the cups in a plastic bag and dropped them into a bag outside the door.

99.

Due to the manner in which the drug testing was conducted, Ms. Zackary was forced to allow others watch her urinate into a cup causing her to feel anxious, violated, embarrassed, and humiliated.

**Tracey General**

100.

Plaintiffs incorporate paragraphs 1 through 99 of this Complaint for Damages as fully set forth herein.

101.

Ms. General began her employment with Fulton County Sheriff's Department on or about April 21, 2005.

102.

Ms. General is a certified sworn officer of the Fulton County Sheriff's Department.

103.

On or about August 7, 2012, Ms. General, who held the position of Detention Officer, at the Fulton County Sheriff's Office, was informed that she must take a random drug test.

104.

When Ms. General reported for the random drug test, an officer from OPS followed Ms. General into the bathroom stall.

105.

When Ms. General attempted to close the door behind her, she noticed that the OPS officer was following her into the stall and Ms. General inquired if the officer was going to watch her urinate.

106.

When the OPS officer responded that she had to watch Ms. General urinate, Ms. General felt uncomfortable having someone watch while her lower body was exposed, especially because she was menstruating at the time.

107.

While Ms. General was using the restroom, the OPS officer's eyes remained focused on Ms. General's vagina causing her to feel humiliated, stressed, and severely uncomfortable.

108.

Once Ms. General was done, she proceeded to wash her hands in the sink and observed her colleague in the stall with two examiners and Ms. General could see that her colleague's entire lower body was exposed.

109.

Defendants knowingly and recklessly violated their own written directives regarding alcohol and random drug testing.

110.

These unlawful practices within the Sheriff's Department and within Fulton County and failure to follow their own policies and procedures with regard to drug testing caused the Plaintiffs to feel humiliated, embarrassed, violated and degraded, thus causing the injuries and damages complained of by Plaintiffs in this complaint.

## COUNT I

111.

Plaintiffs incorporate paragraphs 1 through 110 of this Complaint for Damages as fully set forth herein.

112.

Defendants, based on clearly established law, knew at the time they committed the acts described herein that such acts were unlawful, and were in direct violation of Plaintiffs' rights under Title VII, 42 U.S.C. § 1983, their Fourteenth Amendment rights to be free from unlawful discrimination, and their Fourth Amendment rights to be free from unreasonable search and seizure and Defendants knew or should have known that Plaintiffs were persons covered by the protections provided there-under, but purposely and in violation of their constitutional and

statutory rights engaged in the illegal conduct outlined above.

113.

As a direct result of the Defendants' improper actions, Plaintiffs suffered mental, emotional and psychological harm and are entitled to compensatory damages as a result.

## COUNT II
### Violation of Title VII

114.

Plaintiffs incorporate paragraphs 1 through 113 of this Complaint for Damages as fully set forth herein.

115.

Plaintiffs were subjected to unlawful gender discrimination as they are members of a protected class; were qualified for their position; were subjected to an adverse employment action involving a grotesque and demeaning drug test; and their employer treated similarly situated employees outside of their protected class more favorably than they were treated.

116.

As a consequence of Defendants' unlawful conduct outlined above, Plaintiffs have suffered mental, psychological and emotional distress and are entitled to an award of compensatory damages.

## COUNT III
### 42 U.S.C. § 1983 Violation of Plaintiffs' Fourteenth Amendment Right to Be Free From Discrimination

117.

Plaintiffs incorporate paragraphs 1 through 116 of this Complaint for Damages as fully set forth herein.

118.

Defendants are subject to Fourteenth Amendment as applied through 42 U.S.C. § 1983.

119.

Defendants' unlawful discrimination against Plaintiffs violated the Equal Protection Clause of the Fourteenth Amendment, thus entitling Plaintiffs to all appropriate relief provided under 42 U.S.C. § 1983.

120.

As a result of the Defendants' conduct, Plaintiffs have suffered mental, emotional and psychological distress and are entitled to an award of compensatory damages.

## COUNT IV
### 42 U.S.C. § 1983 Violation of Plaintiffs' Fourth Amendment Right to be Free from Unreasonable Search and Seizure

121.

Plaintiff incorporates paragraphs 1 through 120 of this Complaint for Damages as fully set forth herein.

122.

Defendants are subject to Fourteenth Amendment as applied through 42 U.S.C. § 1983.

123.

As described above, Defendants' conduct violated Plaintiffs' Fourth and Fourteenth Amendment rights, thus entitling Plaintiffs to all appropriate relief provided under 42 U.S.C. § 1983.

124.

As a result of the Defendants' conduct, Plaintiffs have suffered mental, emotional and

psychological distress and are entitled to an award of compensatory damages.

## COUNT V
### Violation of Ga. Const. Art. I, § I, Para. XIII

125.

Plaintiff incorporates paragraphs 1 through 124 of this Complaint for Damages as fully set forth herein.

126.

Defendants are subject to Paragraph XIII, Section I, Article I of the Constitution of the State of Georgia which states, "The right of the people to be secure in their persons, houses, papers, and effects against unreasonable searches and seizures shall not be violated; and no warrant shall issue except upon probable cause supported by oath or affirmation particularly describing the place or places to be searched and the persons or things to be seized."

127.

As described above, Defendants' conduct violated Paragraph XIII, Section I, Article I of the Constitution of the State of Georgia, thus entitling Plaintiffs to all appropriate relief provided under the Constitution of the State of Georgia.

128.

As a result of the Defendants' conduct, Plaintiffs have suffered mental, emotional and psychological distress and are entitled to an award of compensatory damages.

## COUNT VI
### Invasion of Privacy-Intrusion Upon Seclusion

129.

Plaintiff incorporates paragraphs 1 through 128 of this Complaint for Damages as fully

set forth herein.

130.

A Georgia citizen's common law and statutory right to privacy is sacrosanct and its invasion is unconscionable.

131.

At all times pertinent and relevant to the incidents described in this Complaint, Plaintiffs had a right of privacy guaranteed to them by the Constitution of the State of Georgia as well as its statutory and common law.

132.

As stated above, on or about August 7, 2012, Defendants unlawfully required Plaintiffs to submit to an **observed** drug test thereby intruding upon Plaintiffs' right to seclusion, solitude and privacy.

133.

Defendants direct observation of Plaintiffs' submitting urine samples is offensive and objectionable to a reasonable person of ordinary sensibilities under the circumstances.

134.

As a direct and proximate result of the foregoing, Defendants have unlawfully invaded Plaintiffs' privacy and caused Plaintiffs' injury.

## COUNT VII
### Negligence Per Se

135.

Plaintiffs incorporate paragraphs 1 through 134 of this Complaint for Damages as fully

set forth herein.

136.

Defendants' negligent actions and/or omissions were in violation of the provisions of O.C.G.A. § 34-9-415, which is the statute regarding, "[c]onduct of testing; types of tests; random testing; procedures for specimen collection and testing; laboratory qualifications, procedures, and reports; confirmation tests."

137.

Plaintiffs are within that class of persons intended to benefit from and be protected by the provisions of O.C.G.A. § 34-9-415.

138.

As a result of Defendants' violations of O.C.G.A. § 34-9-415, Plaintiffs have suffered damage and injury of the kind and nature intended to be prevented by such statute.

139.

Defendants' negligence constitutes the breach of a legal duty owed to Plaintiffs pursuant to the provisions of O.C.G.A. § 34-9-415.

140.

Defendants' negligence constitutes negligence per se, on account of which Defendants are liable to Plaintiffs for damages.

**COUNT VIII**

**Intentional Infliction of Emotional Distress**

141.

Plaintiffs incorporate paragraphs 1 through 140 of this Complaint for Damages as fully

-24-

set forth herein.

142.

As outlined above, Defendants engaged in intentional and reckless conduct, which was extreme and outrageous causing Plaintiffs' severe emotional distress.

143.

As a result of the Defendant's unlawful conduct outlined above, Plaintiffs have suffered mental, emotional and psychological distress and are entitled to an award of compensatory damages.

## COUNT IX
### False Imprisonment

144.

Plaintiff incorporates paragraphs 1 through 143 of this Complaint for Damages as fully set forth herein.

145.

As described above, Plaintiffs were unlawfully detained during the drug test and deprived of their personal liberty against their will.

146.

As a result of the Defendants' unlawful conduct outlined above, Plaintiffs have suffered mental, emotional and psychological distress and are entitled to an award of compensatory damages.

## COUNT X
### Negligent and/or Failure to Train and Supervise

147.

Plaintiffs incorporate paragraphs 1 through 146 of this Complaint for Damages as fully set forth herein.

148.

Defendants were negligent in that they had a duty to train and supervise their employees on how to conduct a legal and constitutional drug test yet they failed to properly perform that duty and such failure caused the Plaintiffs' damages.

149.

Moreover, Defendants demonstrated a failure to train and supervise government officials in an area where there is an obvious need to train and supervise in order to avoid officials and employees violating citizens' constitutional rights.

150.

As a result of the Defendants' unlawful conduct outlined above, Plaintiffs have suffered mental, emotional and psychological distress and are entitled to an award of compensatory damages.

## COUNT XI
### Attorney's Fees and Expenses of Litigation

151.

Plaintiffs incorporate paragraphs 1 through 150 of this Complaint for Damages as fully set forth herein.

152.

Pursuant to Title VII and 42 U.S.C. § 1983 Plaintiffs accordingly seek all attorney's fees and expenses of litigation subject to the statutes.

## COUNT XII

-26-

## Demand For Jury Trial

### 153.

Plaintiffs incorporate paragraphs 1 through 152 of this Complaint for Damages as fully set forth herein.

### 154.

WHEREFORE, Plaintiffs respectfully pray:

(a) That her Complaint be filed, summons be issued and service be effected in accordance with law;

(b) For entry of judgment in her favor and against Defendants, jointly and severally, in an amount in excess of $10,000.00;

(c) That Plaintiffs be awarded punitive damages for Defendants' conduct, in excess of the cap imposed by law by reason of the intentional misconduct of the Defendants regarding Plaintiffs' treatment,

(d) That all claims be tried by a jury; and

(e) That Plaintiffs be granted such other and further relief as the Court deems just and proper.

Respectfully submitted this 12th day of August 2016.

By:*/s/ Marvin A. Devlin*
MARVIN A. DEVLIN
Ga. Bar No. 219969

**Marvin A. Devlin P.C.**
Attorney at Law

6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238
Tel: 404-538-6925
Fax: 404-537-3115
E-Mail: mad@marvindevlin.com

## General Civil Case Filing Information Form (Non-Domestic)

**Court**         County Fulton                    Date Filed 08-12-2016       Fulton County Superior Court
☑ **Superior**                                                    MM-DD-YYYY        ***EFILED***BR
☐ **State**      Docket # 2016CV278847                                           Date: 8/12/2016 11:58:37 AM
                                                                                Cathelene Robinson, Clerk

**Plaintiff(s)**                                    **Defendant(s)**

Stephens, Jennifer                                  Fulton County
Last    First    Middle I.  Suffix Prefix  Maiden   Last    First    Middle I.  Suffix Prefix  Maiden

Bond, Fayth                                         Jackson, Sheriff Theodore in his Official Capacity
Last    First    Middle I.  Suffix Prefix  Maiden   Last    First    Middle I.  Suffix Prefix  Maiden

Gettis, Rita                                        Doe, John 1  individually & in his official capacity
Last    First    Middle I.  Suffix Prefix  Maiden   Last    First    Middle I.  Suffix Prefix  Maiden

Mayo, Kristi                                        Doe, John 2  individually & in his official capacity
Last    First    Middle I.  Suffix Prefix  Maiden   Last    First    Middle I.  Suffix Prefix  Maiden
see attached

**No. of Plaintiffs**  7                            **No. of Defendants**  4

**Plaintiff/Petitioner's Attorney**        ☐ **Pro Se**

Devlin, Marvin A
Last    First    Middle I.    Suffix

**Bar #** 219969

---

**Check Primary Type** (Check only **ONE**)

☐ Contract/Account

☐ Wills/Estate

☐ Real Property

☐ Dispossessory/Distress

☐ Presonal Property

☐ Equity

☐ Habeas Corpus

☐ Appeals, Reviews

☐ Post Judgement Garnishment, Attachment, or Other Relief

☐ Non-Domestic Contempt

☑ Tort (If tort, fill in right column)

☐ Other General Civil Specify _____

---

**If Tort is Case Type:**
(Check no more than **TWO**)

☐ Auto Accident

☐ Premises Liability

☐ Medical Malpractice

☐ Other Professional Negligence

☐ Product Liability

☑ Other Specify Title VII, 42 U.S.C. § 1983, Invasion of Privacy, Intentional Infliction of Emotional Distress, False Imprisonment & Negligence

**Are Punitive Damages Pleaded?** ☑ Yes ☐ No

---

☑ I hereby certify that the documents in this filing (including attachments and exhibits) satisfy the requirements for redaction of personal or confidential information in O.C.G.A. 9-11-7.1

Plaintiffs Continued:

Jones, Deonica
Zachary, Belinda
General, Tracey

Fulton County Superior Court
***EFILED***BR
Date: 8/12/2016 11:58:37 AM
Cathelene Robinson, Clerk

# IN THE SUPERIOR COURT OF FULTON COUNTY, GEORGIA
### 136 PRYOR STREET, ROOM C-103, ATLANTA, GEORGIA 30303
### SUMMONS

Jennifer Stephens, Fayth Bond, Rita Gallis,                ) Case
                                                           ) No.:        2016CV278847
Kristi Mayo, Deonica Jones, Belinda Zachary, and           )
Tracey General   **Plaintiffs,**                           )
                                                           )
vs.                                                        )
                                                           )
Fulton County, Sheriff Theodore Jackson in                 )
his official capacity as the Fulton County Sheriff         )
and John Does 1+2, individually + in their official        )
capacities as employees of the Fulton County               )
Sheriff's Department. ~~Defendant~~ and Fulton County.     )
              Defendants.                                   )
                                                           )
                                                           )

TO THE ABOVE NAMED DEFENDANT(S):

You are hereby summoned and required to file electronically with the Clerk of said Court at https://efilega.tylerhost.net/ofsweb and serve upon plaintiff's attorney, whose name and address is:

**MARVIN A. DEVLIN**
**ATTORNEY AT LAW**
**6595-G ROSWELL ROAD SUITE 765**
**ATLANTA, GA 30328-3152**

An answer to the complaint which is herewith served upon you, within 30 days after service of this summons upon you, exclusive of the day of service; unless proof of service of this complaint is not filed within five (5) business days of such service. Then time to answer shall not commence until such proof of service has been filed. **IF YOU FAIL TO DO SO, JUDGMENT BY DEFAULT WILL BE TAKEN AGAINST YOU FOR THE RELIEF DEMANDED IN THE COMPLAINT.**

This ___8/12/2016___ day of _____, 20 _____

Honorable Cathelene "Tina" Robinson
Clerk of Superior Court
By _Brenda Kay_
                    Deputy Clerk

To defendant upon whom this petition is served:
This copy of complaint and summons was served upon you _____, 20_____

_____
                    Deputy Sherriff

Instructions: Attach addendum sheet for additional parties if needed, make notation on this sheet if addendum is used