IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL<br><br>Plaintiffs,<br><br>v.<br><br>FULTON COUNTY, SHERIFF THEODORE JACKSON in his Official capacity as the Fulton County Sheriff, and John Does 1 & 2, individually and in their official capacities as employees of the Fulton County Sheriffs department and Fulton County.<br><br>Defendants. | Civil Action File No.:<br>1:16-cv-03461-ELR-CMS |

**BRIEF IN SUPPORT OF PLAINTIFFS' MOTION TO REMAND AND FOR THE AWARD OF JUST COST AND EXPENSES**

### I. INTRODUCTION

Defendants' Removal of this case is improper. Defendants assert that this Court has jurisdiction over Plaintiffs' Title VII claim. However, Defendants completely ignore Plaintiffs' 42 U.S.C. § 1983 claims, over which this Court lacks subject matter jurisdiction. Further, Plaintiffs' 42 U.S.C. § 1983 and Title VII claims are so related and arise out of the exact same facts and controversy that they

1

should not be separated. Thus, Plaintiffs' Motion to Remand should be granted and the case should be remanded to state court.

## II.   PROCEDURAL AND FACTUAL BACKGROUND

This case was initially filed in the United States District Court, Northern District of Georgia, Atlanta Division, Civil Action File Number 13-cv-01528-RWS-GGB. After completing discovery, Defendant filed a Motion for Summary Judgment alleging, among other things, that **"Eleventh Amendment immunity applies to deprive this court of jurisdiction** over Plaintiffs' claims brought against Sheriff Jackson under Section 1983." (*See* Defendant's Memorandum of Law in Support of His Motion for Summary Judgment, Civil Action File Number 1:13-cv-1528, Doc. 79-1, attached hereto as Exhibit "A").

Plaintiffs' after an exhaustive review of relevant case law, agreed that the federal court lacked subject matter jurisdiction over that claim and filed a motion to dismiss without prejudice arguing that a ruling on a Motion for Summary Judgment or a dismissal with prejudice would be considered a final adjudication on the merits of the case, which is not permitted because the Court lacked subject matter jurisdiction. (*See* Plaintiffs' Memorandum of Law in Support of Their Motion to Dismiss Their Complaint Without Prejudice For Lack of Subject Mater Jurisdiction and Memorandum of Law In Opposition to Defendant's Motion for

Summary Judgment, Civil Action File Number 1:13-cv-1528, Doc. 98-1, attached here to as Exhibit "B".)

The Magistrate Court's Report and Recommendation recommended that Plaintiffs' motion for voluntary dismissal without the imposition of any additional conditions be granted and that Defendant's motion for summary judgment be denied as moot. The Court issued an Order adopting the Report and Recommendation on February 29, 2016 and the case was dismissed on March 1, 2016.

Pursuant to Georgia's Renewal statute, O.C.G.A. § 9-2-61, Plaintiff re-filed their Complaint on August 12, 2016 in the Superior Court of Fulton County, State of Georgia, Civil Action File No. 2016-cv-278847, alleging, among other things, both a Title VII claim and 42 U.S.C. § 1983 claims, the identical claims that had been previously filed in the federal case. Defendants' filed their Notice of Removal on September 15, 2016 and Plaintiffs' now respond with this Motion to Remand as this Court does not have subject matter jurisdiction over Plaintiffs' 42 U.S.C. § 1983 claims.

III. ARGUMENT AND CITATION OF AUTHORITY

A. Plaintiffs' 42 U.S.C. § 1983 Claim is Barred in Federal Court

In the previously filed federal court case, in Defendant Sheriff Theodore Jackson's above referenced Motion for Summary Judgment, Defendants asserted that the Eleventh Amendment bars Defendants from being sued in Federal Court. In fact, they asserted, "Eleventh Amendment immunity applies to deprive this court of jurisdiction over Plaintiffs' claims brought against Sheriff Jackson under Section 1983." (Defendant's Memorandum of Law in Support of His Motion for Summary Judgment, Pg. 11 (Exhibit "A")).

Moreover, the United States Court of Appeals for the Eleventh Circuit has reasoned, "'***Eleventh Amendment* immunity bars suits brought in federal court when the State itself is sued and when an "arm of the State" is sued.'** *Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (en banc). 'To receive *Eleventh Amendment* immunity, a defendant need not be labeled a "state officer" or "state official," but instead need only be acting as an "arm of the State," which includes agents and instrumentalities of the State.'" *Pellitteri v. Prine*, 776 F.3d 777, 779 (11th Cir. 2015) (Emphasis added). Furthermore, United States Magistrate Judge John K. Larkins III wrote, "The Court in *Pellitteri* considered the *Manders* factors and held that, on balance, a County Sherriff under Georgia law is an arm of the state, and therefore entitled to Eleventh Amendment Immunity." (*See* Final Report

4

and Recommendation, Civil Action File Number 1:13-cv-1528, Doc. 102, attached hereto as Exhibit "C").

Defendant, Sheriff Theodore Jackson previously insisted, Plaintiffs agreed, and case law supports, the proposition that Defendants are entitled to Eleventh Amendment Immunity and as such are barred from being sued in federal court on a 42 U.S.C. §1983 claim. Thus, this Court lacks subject matter jurisdiction over Plaintiffs' 42 U.S.C. §1983 claims and Plaintiffs' Motion to Remand must be granted.

### B. Defendants' Cannot Voluntarily Create Subject Matter Jurisdiction

As previously stated, Defendants' Notice of Removal only cites Plaintiffs' Title VII and state law claims. Defendants' narrow focus is likely due to the fact that they are aware that this Court lacks subject matter jurisdiction over Plaintiffs' 42 U.S.C. §1983 claims and well-established law clearly prohibits any defendant's ability to waive subject matter jurisdiction. *See FRCP 12(h)(3)*.

It is well settled that if a Court lacks subject matter jurisdiction, then it cannot make an adjudication on the merits of the case. The Eleventh Circuit Court of Appeals has explained:

> Accordingly, "when a federal court acts outside its statutory subject-matter jurisdiction, it violates the fundamental constitutional precept of limited federal power." *Id.* (citing *Oliver v. Trunkline Gas Co.*, 789 F.2d

*341, 343 (5th Cir. 1986))*. Indeed, such an action unconstitutionally invades the powers reserved to the states to determine controversies in their own courts, *see Victory Carriers*, 404 U.S. at 212, 92 S. Ct. at 425 (quoting *Healy v. Ratta*, 292 U.S. 263, 270, 54 S. Ct. 700, 703, 78 L. Ed. 1248 (1934)), as well as "offends fundamental principles of separation of powers," *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 118 S. Ct. 1003, 1012, 140 L. Ed. 2d 210, 1998 U.S. LEXIS 1601, *20 (1998). Simply put, once a federal court determines that it is without subject matter jurisdiction, the court is powerless to continue. As the Supreme Court long ago held in *Ex parte McCardle*, 74 U.S. (7 Wall.) 506, 19 L. Ed. 264 (1868), "without jurisdiction the court cannot proceed at all in any cause. Jurisdiction is power to declare the law, and when it ceases to exist, the only function remaining to the court is that of announcing the fact and dismissing the cause." *Id. at 514*; *see also Wernick v. Matthews*, 524 F.2d 543, 545 (5th Cir. 1975) ("We are not free to disregard the jurisdictional issue, for without jurisdiction we are powerless to consider the merits.").

*University of South Alabama v. The American Tobacco Company*, 168 F.3d 405 (11th Cir. 1999) *See also, Manders v. Lee*, 338 F.3d 1304, 1308 (11th Cir. 2003) (As a result, **parties with claims against a non-consenting State must resort to the State's own courts.**) Thus, Plaintiffs' Motion to Remand this case to state court must be granted.

### C. Plaintiff is Entitled to Attorney's Fees

Under 28 U.S.C.S § 1447(c), "an order remanding the case may require the payment of just costs and any actual expenses, incurred as a result of the removal." As demonstrated herein Defendants improperly removed this case. What makes these circumstances so egregious is that the Defendants were well aware that this Court lacked jurisdiction over Plaintiffs' claims. Despite this knowledge, clearly

6

demonstrated in Defendant Sheriff Jackson's Motion for Summary Judgment, Defendants still removed this case to federal court and made no reference to the previous federal court claim. This case clearly cannot be adjudicated in a federal court. As such, Plaintiffs are entitled to recover their just costs and actual expenses, including attorney fees. Thus, Plaintiffs' respectfully request an award of just costs and expenses incurred due to the removal of this case.

## IV. CONCLUSION

For the reasons stated herein, Plaintiffs respectfully request that their Motion to Remand be GRANTED.

Respectfully submitted this 17th day of October 2016.

/s/ Marvin A. Devlin
MARVIN A. DEVLIN
Ga. Bar No. 219969

Marvin A. Devlin P.C.
Attorney at Law
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238
Tel: 404-538-6925
Fax: 404-537-3115
E-Mail: mad@marvindevlin.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL<br><br>    Plaintiffs,<br><br>v.<br><br>FULTON COUNTY, SHERIFF THEODORE JACKSON in his Official capacity as the Fulton County Sheriff, and John Does 1 & 2, individually and in their official capacities as employees of the Fulton County Sheriffs department and Fulton County.<br><br>    Defendants. | Civil Action File No.:<br>1:16-cv-03461-ELR-CMS |

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that on this day, a copy of **PLAINTIFFS' BRIEF IN SUPPORT OF MOTION TO REMAND AND FOR THE AWARD OF JUST COST AND EXPENSES** was electronically filed using Times New Roman 14 point type in accordance with Local Rule 5.1 B with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

This 17th day of October 2016.

/s/ *Marvin A. Devlin*
MARVIN A. DEVLIN
Ga. Bar No. 219969

**Marvin A. Devlin P.C.**
Attorney at Law
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238
Tel: 404-538-6925
Fax: 404-537-3115
E-Mail: mad@marvindevlin.com