## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL, | CIVIL ACTION FILE NO. 1:16-cv-03461-ELR-CMS |
| Plaintiffs, | |
| v. | |
| FULTON COUNTY, SHERIFF THEODORE JACKSON in his Official capacity as the Fulton County Sheriff , and John Does 1 & 2, Individually and in their official capacities as employees of the Fulton County Sheriff's Department, and Fulton County, | |
| Defendants. | |

## DEFENDANTS' RESPONSE BRIEF TO PLAINTIFFS' MOTION TO REMAND THIS CIVIL ACTION TO STATE COURT

COMES NOW Defendants Fulton County, Sheriff Theodore Jackson and John Does 1 & 2, by and through their undersigned counsel, and pursuant to L.R. 7.1(b), file their Response to Plaintiff's Motion to Remand to State Court.

## INTRODUCTION AND PROCEDURAL BACKGROUND

Plaintiff filed suit on August 12, 2016 (hereinafter "State law Complaint"). Plaintiff's State law Complaint is attached hereto.  (See Exhibit "1").  Plaintiffs previously filed suit in this court on May 6, 2013.  Plaintiffs' 2013 Complaint is

attached hereto.  (See Exhibit "2").   Plaintiffs subsequently voluntarily dismissed their original Complaint on October 12, 2015.  Paragraph 1 of Plaintiff's State law Complaint states:

> 1.
>
> Plaintiffs bring this action against Defendants, including all agents and employees of the Defendants, to recover for injuries, pain and suffering, lost wages, medical expenses and all other Damages as allowed under Georgia law **for Defendants' violations of Title VII, 42 U.S.C. § 1983,** and for Defendants' Invasion of Privacy, Negligence Per Se, Intentional Infliction of Emotional Distress, False Imprisonment, Negligent and/or Failure to Train and Supervise...

On September 15 2016, Defendants removed this action to the United States District Court for the Northern District of Georgia, Atlanta Division.  Plaintiffs subsequently filed a motion to remand the case to state court on October 17, 2016.

## ARGUMENT AND CITATION OF AUTHORITY

**I.    Defendants Properly Removed This Action To The Appropriate District Court And Plaintiff Is Prohibited From Filing Amended Pleadings In State Court After Removal.**

28 U.S.C. § 1441 provides for removal of civil actions and states in pertinent part:

> …[A]ny civil action brought in a State court in which the district courts of the United States have original jurisdiction, may be removed by the defendant or defendants, to the district court of the United States for the district and division embracing the place where such action is pending. 28 U.S.C. § 1441(a).

28 U.S.C. § 1441(c) allows the removal and joinder of claims from state

2

court if: (a) the claims arise under the Constitution, laws, or treaties of the United States, and (b) where there are any claims not within the original or supplemental jurisdiction of the district court or claims made non removable by statute, the entire action may be removed if the action would be removable without the inclusion of the claims described in (b).

28 U.S.C. § 1331 states that:   The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States.  The removing party bears the burden of proof regarding the existence of federal subject matter jurisdiction. Conn. State Dental Ass'n v. Anthem Health Plans, Inc., 591 F.3d 1337,1343 (11th Cir. 2009). Here, Plaintiffs allege that Defendants "improperly" removed this action from state court to district court.  To the contrary, Plaintiffs' State law Complaint, which has yet to be served on Defendants,  filed in Fulton County State Court on August 12, 2016, presents a federal question pursuant to 28 U.S.C. § 1331.  Paragraph 1 of Plaintiffs' State law Complaint states:

1.

Plaintiffs bring this action against Defendants, including all agents and employees of the Defendants, to recover for injuries, pain and suffering, lost wages, medical expenses and all other Damages as allowed under Georgia law **for Defendants' violations of Title VII, 42 U.S.C. § 1983,** and for Defendants' Invasion of Privacy, Negligence Per Se, Intentional Infliction of Emotional Distress, False Imprisonment, Negligent and/or Failure to Train and Supervise...

Plaintiffs clearly allege violations of the United States Code pursuant to 42 U.S.C. § 2000e-242 and 42 U.S.C. § 1983—raising federal questions critical to the outcome of their claims and giving Defendants the privilege of removal. Nonetheless, Plaintiffs argue that Defendants' actions in the previously dismissed case preclude them from seeking removal in the present case. In the prior federal action, Defendants filed a motion for summary judgment asserting Eleventh Amendment immunity. Plaintiffs admit that they voluntarily dismissed their claims in the previous case, and that, as a result, the previous judge declared the Defendants' motion for summary judgment moot. (See February 29, 2016, Order of the Honorable Richard Story (Exhibit "3")). 28 U.S.C. § 1441 allows removal of an entire action, along with joinder of federal law claims and state law claims, if the action would be removable without the inclusion of the state law claims. Here, Plaintiffs' 1983 claims are within the original jurisdiction of this court as claims arising under the United States Code, albeit they are alleged against two Defendants who have the right to assert Eleventh Amendment immunity where they do not consent to being sued in federal court. See Manders v. Lee, 338 F.3d 1304, 1308 (11th Cir. 2003) ("The Eleventh Amendment protects a State from being sued in federal court without the State's consent"). With the Defendants' motion for summary judgment in the previous case being declared moot, Plaintiffs' claims arising under laws of the United States, and without Defendants raising

4

Eleventh Amendment Immunity in this case, there is nothing preventing them from removing the Plaintiffs' current claims to federal court.  Plaintiffs' base their motion for remand on anticipatory defenses by the Defendants—a strategy baring a strong similarity to a Defendant attempting to remove a case based on what defenses it anticipates a Plaintiff might raise—an ineffective strategy in the eyes of the courts.  See Platinum Prop. Mgmt. Servs., LLC v. W.-Pryor, No. 1:13-CV-2846-WSD, 2013 WL 5361654, at *4 (N.D. Ga. Sept. 25, 2013) ("[A]n anticipated or actual federal defense generally does not qualify a case for removal").  Plaintiffs' motion for remand characterizes Defendants' motion for removal as an attempt to voluntarily create subject matter jurisdiction.  To the contrary, Plaintiffs' federal claims created this court's subject matter jurisdiction.  See City of Huntsville v. City of Madison, 24 F.3d 169, 171–72 (11th Cir. 1994) ("Federal district courts have original jurisdiction of all civil actions that arise under the Constitution or laws of the United States").  Now Plaintiffs attempt to force Defendants to assert Eleventh Amendment Immunity in an attempt to remove the federal question subject matter jurisdiction that Plaintiffs created.  Defendants are not required to consent to that attempt.  Consequently, Defendants respectfully request that Plaintiffs' motion for remand be denied.

## II.   Plaintiffs' Request for Attorney's Fees Lacks Merit

The decision to award attorney's fees pursuant to § 1447(c) is completely within the court's discretion and should only be awarded where the removal is frivolous.  See HSBC Mortg. Servs., Inc. v. Cunningham, No. 107-CV-02480-WSD-JFK, 2007 WL 3005337, at *3 (N.D. Ga. Oct. 12, 2007)(" Normally, the Court should award attorney's fees only where the removing party lacks an objectively reasonably (sic) basis for seeking removal.  The appropriate test for awarding fees under § 1447(c) should recognize the desire to deter removals sought for the purpose of prolonging litigation and imposing costs on the opposing party, while not undermining Congress' basic decision to afford defendants a right to remove as a general matter, when the statutory criteria are satisfied").  Here, where Plaintiffs' case clearly hinges on two federal statutes, Defendants' removal of the case cannot be considered frivolous or unreasonable.  Defendants request that the Court deny Plaintiffs' request for attorney's fees

### CONCLUSION

For all the aforementioned reasons, Defendants respectfully request that this Honorable Court deny Plaintiffs' Request to Remand to State Court.


Respectfully submitted this 31st day of October 2016.

**OFFICE OF THE FULTON COUNTY ATTORNEY**
Patrise Perkins-Hooker
County Attorney
Georgia Bar No. 572358

Kaye W. Burwell
Georgia Bar No. 775060
Kaye.Burwell@fultoncountyga.gov

Steven E. Rosenberg
Supervising Attorney
Georgia Bar No.  614560
Steven.Rosenberg@fultoncountyga.gov

*/s/  A. Jonathan Jackson*
A. Jonathan Jackson
Georgia Bar No. 852077
Alfred.Jackson@fultoncountyga.gov
**Attorneys for Defendants**


**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL, | CIVIL ACTION FILE NO. 1:16-cv-03461-ELR-CMS |
| Plaintiffs, | |
| v. | |
| FULTON COUNTY, SHERIFF THEODORE JACKSON in his Official capacity as the Fulton County Sheriff , and John Does 1 & 2, Individually and in their official capacities as employees of the Fulton County Sheriff's Department, and Fulton County, | |
| Defendants. | |

## CERTIFICATE OF FONT, TYPE AND SERVICE

THIS IS TO CERTIFY that on this, 31st day of October 2016, the undersigned counsel has presented this document in Times New Roman, 14 point type in accordance with L.R. 5.1(C) and served the foregoing **DEFENDANTS' RESPONSE BRIEF TO PLAINTIFFS' MOTION TO REMAND THIS CIVIL ACTION TO STATE COURT** upon all parties of record by depositing a true and correct copy of same in the United States Mail with adequate postage affixed thereto, addressed as follows:

Marvin A. Devlin, Esquire
Marvin A. Devlin, P.C.
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238

**_/s/  A. Jonathan Jackson_**
A. Jonathan Jackson
Georgia Bar No. 852077

P:\CALitigation\Sheriff\Stephens, Jennifer; et al. v. Sheriff Theodore Jackson - 2016-CV278847 - (AJJ)\Pleadings\Dft's Response to Plt's Motion to Remand.docx