

# IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
### ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL, | |
| Plaintiffs, | Civil Action File No.: _____ |
| v. | |
| FULTON COUNTY, SHERIFF THEODORE JACKSON, Individually and in his Official capacity as the Fulton County Sheriff, and John Does 1 & 2, individually and in their official capacities as employees of the Fulton County Sheriffs department and Fulton County. | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Jennifer Stephens, Fayth Bond, Rita Gettis, Kristi Mayo, Deonica Jones, Belinda Zackary, and Tracey General, Plaintiffs in the above-styled matter, by and through the undersigned counsel of record, and hereby file their Complaint for Damages pursuant to Title VII and Section 1983, and pursuant to state law, and shows this honorable Court as follows:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343, in that this action arises under the laws of the United States to recover damages pursuant to acts of Congress, which provide for the protection of civil rights.

2.

This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, in that these state law claims are so related to the federal claims in the instant action filed within this Court's original jurisdiction that they form part of the same case or controversy.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b), in that all Defendants reside within the Northern District of Georgia and a substantial part of the events giving rise to this cause of action occurred within the Northern District of Georgia.

4.

All conditions precedent to jurisdiction under Title VII have occurred or have been complied with; specifically, Plaintiffs filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC").

and Plaintiffs have brought suit within ninety (90) days of receipt of the Notice of the Right to Sue. (See Notices of Right to Sue attached hereto as exhibit "A")

## THE PARTIES

5.

Plaintiffs incorporate paragraphs 1 through 4 of this Complaint for Damages as fully set forth herein.

6.

Plaintiff Jennifer L. Stephens, (hereinafter, "Ms. Stephens" or "Plaintiff") resides at 2167 Crestwood Drive, Conyers, GA 30314 and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

7.

Plaintiff Fayth Bond, (hereinafter, "Ms. Bond" or "Plaintiff") resides at 118 Clark Drive, Ellenwood, GA 30294, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

8.

Plaintiff Rita R. Gettis, (hereinafter, "Ms. Gettis" or "Plaintiff") resides at 3094 Parc Lorraine Circle, Lithonia, GA 30038, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

9.

Plaintiff Kristi Mayo, (hereinafter, "Ms. Mayo" or "Plaintiff") resides at 1448 Sherrie Lane, Atlanta, GA 30331-6812 and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

10.

Plaintiff Deonica Jones, (hereinafter, "Ms. Jones" or "Plaintiff") resides at 2150 Olmadison View, Atlanta, GA 30349, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

11.

Plaintiff Belinda Zackary, (hereinafter, "Ms. Zackary" or "Plaintiff") resides at 1458 Eason St. NW, Atlanta, GA 30314 and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

12.

Plaintiff Tracey General, (hereinafter, "Ms. General" or "Plaintiff") resides at 4638 Greenbriar Trail, Atlanta, GA 30331, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

13.

At all times relevant to this action and for all purposes, Plaintiffs were employees of the Fulton County Sheriff working in the Fulton County Sheriff's

Department, Fulton County, Georgia, and, were and are also employees of Fulton County Georgia.

15.

Defendant Fulton County, Georgia is a political subdivision of the State of Georgia and is subject to the jurisdiction of this honorable Court. Fulton County may be served with a copy of this Complaint and process by serving the Chairman of the Fulton County Board of Commissioners, John H. Eaves, at his business address of 141 Pryor Street, S.W., Suite 10019, Atlanta, Georgia 30303.

16.

Defendant Fulton County Sheriff Theodore Jackson is subject to the jurisdiction and venue of this honorable Court and may be served with a copy of this Complaint and process through the Fulton County Sheriff's Department, Fulton County Justice Center Tower, 9th Floor, 185 Central Avenue, S.W., Atlanta, Georgia 30303.

17.

Defendant Fulton County Sheriff Theodore Jackson in his capacity as Fulton County Sheriff is a "department head" and "appointed authority". As such, he is the highest-level policy maker and decision-maker within the Fulton County Sheriff's office. Defendant Jackson is sued both individually and in his official

-5-

capacity as Fulton County Sheriff.

18.

Defendant Fulton County Sheriff Theodore Jackson actively participated in and/or approved the decisions and actions complained of herein, and shared, knew of, condoned, ratified, and acquiesced in unlawful discriminatory motives and illegal conduct in the underlying actions.

19.

Defendants John Doe 1 & 2 are unnamed agents, managers, and employees of the Fulton County Sheriff's Department and of the Fulton County Sheriff and of Fulton County and at all times ratified, conspired in, or in other ways participated in the discriminatory and illegal acts of Defendants Jackson and Fulton County and the Fulton County Sheriff's Department.

20.

All of the conduct alleged herein occurred under color of state and local law, pursuant to the policy, custom, and usage of Fulton County, Georgia, and/or was accomplished with the approval, ratification, or condoning by Fulton County officials who possessed final policy making and decision-making authority with regard to the actions complained of herein.

## FACTUAL ALLEGATIONS

### Jennifer Stephens

21.

Plaintiffs incorporate paragraphs 1 through 20 of this Complaint for Damages as fully set forth herein.

22.

Ms. Stephens began her employment with Fulton County Sheriff's Department on or about May 4, 2005.

23.

Ms. Stephens is a civilian employee of the Fulton County Sheriff's Department.

24.

On or about August 7, 2012, Ms. Stephens, who held the position of Librarian II at the Fulton County Jail, was informed that she needed to report to the cafeteria for random drug testing.

25.

A few minutes after Ms. Stephens drank some water, an officer from the Office of Professional Standards ("OPS") ordered her to use the bathroom to urinate which Ms. Stephens attempted to do.

26.

The officer and Ms. Stephens proceeded into the women's locker room where Ms. Stephens entered each of the three stalls only to find urine on the toilet seats and floor and toilets containing urine and other matter.

27.

As ordered, Ms. Stephens entered a stall and wiped the toilet seat with tissue paper.

28.

Upon entering the stall, Ms. Stephens saw a large clear trash bag on the floor containing cups of half emptied urine and brown paper towels, some of which were spilling out onto the floor.

29.

After the officer explained the procedure, the officer took a plastic cup and made a hash mark on it explaining that Ms. Stephens was to fill the cup with urine up to the hash mark and then pour the urine from the cup into two plastic vials.

30.

When Ms. Stephens proceeded into the bathroom stall and started to close the door, the officer told her that the door must remain open.

31.

The officer watched Ms. Stephens and observed her private parts as she squatted over the toilet and attempted to urinate into the plastic cup but she could not fill the cup to the specified line.

32.

When Ms. Stephens returned the cup with urine in it to the officer, the officer stated that she did not fill the cup to the hash mark and that she needed to empty the cup of its contents and throw it away.

33.

Ms. Stephens flushed the urine in the toilet and placed the plastic container into the clear trash bag located on the floor of the women's locker room.

34.

Ms. Stephens washed her hands and the officer ordered her to return to the cafeteria to drink some more water until she had to urinate again.

35.

After approximately an hour of waiting in the cafeteria and drinking water, the officer asked her if she was ready to go to the restroom and Ms. Stephens stated that she was not.

36.

While waiting in the cafeteria, a male officer derisively commented to Ms. Stephens that she has "a good bladder."

37.

While waiting in the cafeteria, Ms. Stephens heard an officer conducting the urine sampling openly reveal private details about other employees being tested by telling other OPS officers that two of her colleagues had defecated in the process of providing urine samples and that one individual said she was on her menstrual cycle, but there was no blood in that individual's urine sample, and that one of the urine samples was not at room temperature and that the individual must have dipped her cup into the toilet, and then told that individual: "You must be dead."

38.

At this point, Ms. Stephens began to feel fearful, violated, humiliated, nauseated, and unwell.

39.

Shortly after drinking warm water at the instruction of another officer, Ms. Stephens observed members of the OPS staff running around the room stating that Tina Turner died.

40.

When, at the orders of another OPS officer, Ms. Stephens began drinking orange juice, she became light-headed, dizzy and vomited on the floor.

41.

After obtaining permission to leave, Ms. Stephens left and attempted to enter the bathroom near her office, but she vomited again before she was able to do so.

42.

As a result of her experiences during the drug test, Ms. Stephens became physically ill and was not able to sleep or eat, and experienced extreme emotional and physical distress and pain.

## Fayth Bond

43.

Plaintiffs incorporate paragraphs 1 through 42 of this Complaint for Damages as fully set forth herein.

44.

Ms. Bond began her employment with Fulton County Sheriff's Department on or about May 2007.

45.

Ms. Bond is a civilian employee of the Fulton County Sheriff's Department.

-11-

46.

On or about August 7, 2012, Ms. Bond, who held the position of Law Library Associate, at the Fulton County Sheriff's Office, was informed that she needed to report to the cafeteria for a random drug test.

47.

After approximately twenty (20) minutes of waiting Ms. Bond was escorted into the locker room where she was ordered to fill a specimen cup up to a line.

48.

When Ms. Bond went into a stall and proceeded to close the door, she was ordered to leave the door open and Ms. Bond complied assuming that the monitor would stand outside the door, but the monitor came into the stall with her.

49.

Once Ms. Bond began to pull down her pants, she questioned the monitor about standing in the stall with her.

50.

After the monitor indicated that she would be remaining in the stall, Ms. Bond paused and then told the monitor that it would be difficult for her to urinate because she did not know the monitor and due to the lack of privacy but the monitor did not respond and continued to stare at Ms. Bond.

-12-

51.

After Ms. Bond urinated in the plastic cup, she was ordered to fill two smaller cups with urine from the plastic cup, pour the remaining urine into the toilet and to not flush the toilet.

52.

Once Ms. Bond placed the specimen cups into a plastic bag, the bag was sealed and Ms. Bond inquired what to do about the used plastic cup.

53.

Ms. Bond was instructed to place the used urine specimen cup into an open trash bag lying on the floor that contained approximately 20-25 used urine specimen cups.

54.

Ms. Bond washed her hands and was told that she was free to go.

55.

Due to the grotesque and demeaning manner in which the drug test was conducted, Ms. Bond felt humiliated, and degraded and suffered a severe headache and could not fall asleep without pain medication, and as a result suffered extreme emotional and physical pain and suffering.

<u>Rita Gettis</u>

56.

Plaintiffs incorporate paragraphs 1 through 55 of this Complaint for Damages as fully set forth herein.

57.

Ms. Gettis began her employment with Fulton County Sheriff's Department on or about December 5, 1990.

58.

Ms. Gettis is a civilian employee of the Fulton County Sheriff's Department.

59.

On or about August 7, 2012, Ms. Gettis, who held the position of Law Librarian at the Fulton County Sheriff's Office, was ordered to submit to a random drug test at the Fulton County Jail to be administered by female members of the OPS.

60.

Ms. Gettis was instructed to proceed to the women's locker room to submit a urine sample.

61.

Because Ms. Gettis did not have to use the restroom at that moment, she was

ordered to drink some water and told that there was some orange juice available.

62.

Ms. Gettis consumed several cups of water and a cup of coffee in an effort to speed up the urgency of urination.

63.

When Ms. Gettis was ready to use the restroom, she informed the Lieutenant and was led down from the cafeteria into the women's locker room.

64.

Once in the locker room, Ms. Gettis was handed a plastic cup and informed that the OPS officer was going to stand in the stall and watch her urinate into the plastic cup.

65.

Ms. Gettis was not able to give the required amount of urine so she returned to the cafeteria to drink some more water and a cup of tea.

66.

Once Ms. Gettis was ready to use the bathroom, she went back into the locker room and into a stall where she urinated into a plastic cup in front of a different Sheriff's Department employee, thus she was forced to urinate twice in front of two different people, causing her to feel degraded, humiliated,

embarrassed, shamed and violated.

67.

Once Ms. Gettis completed the drug testing by filling two plastic vials, she was instructed to seal the two vials and to throw the large plastic cup in which she urinated into the trash.

68.

The trash was open and exposed and contained plastic cups that were used for the collection of urine and, the locker room was soiled and unclean.

<u>Kristi Mayo</u>

69.

Plaintiffs incorporate paragraphs 1 through 68 of this Complaint for Damages as fully set forth herein.

70.

Ms. Mayo began her employment with Fulton County Sheriff's Department on or about November 3, 2004.

71.

Ms. Mayo is a sworn officer of the Fulton County Sheriff's Department.

72.

On or about August 7, 2012, Ms. Mayo, who held the position of Detention

Officer at Grady Detention, was contacted by a Security Specialist and ordered that she needed to report to Administration and ask for a lieutenant from OPS.

73.

Once Ms. Mayo arrived at the Jail, she was informed that she was there for random drug testing.

74.

When Ms. Mayo was escorted to the female locker room, she immediately noticed that there was no private place for the drug testing to occur.

75.

Ms. Mayo witnessed a colleague urinate into a cup causing Ms. Mayo to feel uncomfortable and embarrassed at the sight and at the violation of the privacy of her fellow worker.

76.

A sergeant ordered Ms. Mayo to leave the door open and use the restroom in a testing cup which allowed the Sergeant and other people in the locker room to watch her urinate.

77.

Once Ms. Mayo entered the stall, she saw urine all over the toilet and floor from previous people's drug tests.

-17-

78.

Ms. Mayo brought the disgusting and unsanitary conditions to the attention of the Sergeant who got a paper towel and wiped the toilet using no cleaning supplies.

79.

The Sergeant neglected to wipe the floor or any other areas in the stall, which forced Ms. Mayo to stand in urine in order complete her drug test.

80.

Moreover, when Ms. Mayo began to use the restroom she was witnessed by the sergeant who was standing directly in front of her, a colleague who was washing her hands in a sink across from the stall, a lieutenant who was talking to the sergeant, and another colleague who walked into the restroom to be tested.

81.

Due to the manner in which the drug testing was conducted, Ms. Mayo was forced to expose her vagina to four different people causing her to feel inferior, embarrassed, shamed, humiliated and degraded.

**Deonica Jones**

82

Plaintiffs incorporate paragraphs 1 through 81 of this Complaint for

-18-

Damages as fully set forth herein.

83.

Ms. Jones began her employment with Fulton County Sheriff's Department on or about January 2008.

84.

Ms. Jones is a sworn officer of the Fulton County Sheriff's Department.

85.

On or about August 7, 2012, Ms. Jones, who held the position of Detention Officer, at the Fulton County Sheriff's Office, was ordered by administration immediately following roll call to submit urine for a random drug test.

86.

Ms. Jones was told to use a urine cup for her specimen.

87.

Ms. Jones informed the sergeant that she was currently on her menstrual cycle and asked the sergeant to step back and turn her head, but the sergeant replied "No."

88.

A sergeant watched Ms. Jones as she urinated, which caused her to feel violated, humiliated and degraded.

## Belinda Zackary

89.

Plaintiffs incorporate paragraphs 1 through 88 of this Complaint for Damages as fully set forth herein.

90.

Ms. Zackary began her employment with Fulton County Sheriff's Department on or about May 2000.

91.

Ms. Zackary is a civilian employee of the Fulton County Sheriff's Department.

92.

On or about August 7, 2012, Ms. Zackary, who held the position of Security Specialist at the Fulton County Sheriff's Office, was told to remain with a Sergeant after roll call along with several other employees.

93.

Ms. Zackary was led to an upper level and told that she was going to have a drug test.

94.

As Ms. Zackary entered the bathroom, she noticed another employee in a

bathroom stall urinating into a cup with the door wide open causing Ms. Zackary to
feel shocked at seeing another employee's private parts and vagina.

95.

As Ms. Zackary proceeded into the stall she was not allowed to close the
door and was watched by a sergeant standing directly across from her who could
view her vagina.

96.

As. Ms. Zackary was attempting to urinate into the plastic cup, she saw
another employee walk by and look directly at her; moreover, anyone and
everyone who walked into the locker room was able to see her, her vagina and
private parts.

97.

Once Ms. Zackary was finished, she went to the sink where she left her
specimen cups and poured the urine into them and she sealed the cups in a plastic
bag and dropped them into a bag outside the door.

98.

Due to the manner in which the drug testing was conducted, Ms. Zackary
was forced to allow others watch her urinate into a cup causing her to feel anxious,
violated, embarrassed, degraded and humiliated.

-21-

## Tracey General

### 99.

Plaintiffs incorporate paragraphs 1 through 98 of this Complaint for Damages as fully set forth herein.

### 100.

Ms. General began her employment with Fulton County Sheriff's Department on or about April 21, 2005.

### 101.

Ms. General is a certified sworn officer of the Fulton County Sheriff's Department.

### 102.

On or about August 7, 2012, Ms. General, who held the position of Detention Officer, at the Fulton County Sheriff's Office, was ordered that she must take a random drug test.

### 103.

When Ms. General reported for the random drug test, an officer from OPS followed Ms. General into the bathroom stall.

### 104.

When Ms. General attempted to close the door behind her, she noticed that

the OPS officer was following her into the stall and Ms. General inquired if the officer was going to watch her urinate.

105.

When the OPS officer responded that she had to watch Ms. General urinate, Ms. General felt uncomfortable having someone watch while her lower body was exposed, especially because she was menstruating at the time.

106.

While Ms. General was using the restroom, the OPS officer's eyes remained focused on Ms. General's vagina causing her to feel humiliated, stressed, and severely uncomfortable.

107.

Once Ms. General was done, she proceeded to wash her hands in the sink and observed her colleague in the stall with two examiners and Ms. General could see that her colleague's entire lower body was exposed.

108.

By the above conduct, Defendants knowingly and recklessly violated their own written directives regarding alcohol and random drug testing.

109.

These unlawful practices within the Sheriff's Department and within Fulton

County and their failure to follow their own policies and procedures with regard to drug testing caused the Plaintiffs to feel humiliated, embarrassed, violated and degraded, thus causing the injuries and damages complained of by Plaintiffs in this complaint.

## COUNT I

110.

Plaintiffs incorporate paragraphs 1 through 109 of this Complaint for Damages as fully set forth herein.

111.

Defendants, based on clearly established law, knew at the time they committed the acts described herein that such acts were unlawful, and were in direct violation of Plaintiffs' rights under Title VII, 42 U.S.C. § 1983, their Fourteenth Amendment rights to be free from unlawful discrimination, and their Fourth Amendment rights to be free from unreasonable search and seizure and Defendants knew or should have known that Plaintiffs were persons covered by the protections provided there-under, but purposely and in violation of their constitutional and statutory rights engaged in the illegal conduct outlined above.

112.

As a direct result of the Defendants' improper actions, Plaintiffs suffered

-24-

physical, mental, emotional and psychological harm and are entitled to compensatory damages as a result.

## COUNT II

### Violation of Title VII

113.

Plaintiffs incorporate paragraphs 1 through 112 of this Complaint for Damages as fully set forth herein.

114.

Plaintiffs were subjected to unlawful gender discrimination as they are members of a protected class (female); were qualified for their position; were subjected to an adverse employment action involving a grotesque and demeaning drug test; and their employer treated similarly situated (male) employees outside of their protected class more favorably than they were treated.

115.

As a consequence of Defendants' unlawful conduct outlined above, Plaintiffs have suffered physical, mental, psychological and emotional distress and are entitled to an award of compensatory damages.

## COUNT III

### 42 U.S.C. § 1983 Violation of Plaintiffs' Fourteenth Amendment Right to Be Free From Discrimination

116.

Plaintiffs incorporate paragraphs 1 through 115 of this Complaint for Damages as fully set forth herein.

117.

The Defendants are subject to Fourteenth Amendment as applied through 42 U.S.C. § 1983.

118.

Defendant's unlawful discrimination against Plaintiffs violated the Equal Protection Clause of the Fourteenth Amendment, thus entitling Plaintiffs to all appropriate relief provided under 42 U.S.C. § 1983.

119.

As a result of the Defendants' conduct, Plaintiffs have suffered physical, mental, emotional and psychological distress and are entitled to an award of compensatory damages.

<u>COUNT IV</u>

<u>42 U.S.C. § 1983 Violation of Plaintiffs' Fourth Amendment Right to be Free
from Unreasonable Search and Seizure</u>

120.

Plaintiff incorporates paragraphs 1 through 119 of this Complaint for

-26-

Damages as fully set forth herein.

121.

The Defendants are subject to Fourteenth Amendment as applied through 42 U.S.C. § 1983.

122.

As described above, Defendant's conduct violated Plaintiffs' Fourth and Fourteenth Amendment rights, thus entitling Plaintiffs to all appropriate relief provided under 42 U.S.C. § 1983.

123.

As a result of the Defendants' conduct, Plaintiffs have suffered mental, emotional and psychological distress and are entitled to an award of compensatory damages.

<u>COUNT V</u>

<u>State Law: Intentional Infliction of Emotional Distress</u>

124.

Plaintiffs incorporate paragraphs 1 through 123 of this Complaint for Damages as fully set forth herein.

125.

As outlined above, Defendants engaged in intentional and reckless conduct,

which was extreme and outrageous causing Plaintiffs severe emotional distress.

126.

As a result of the Defendant's unlawful conduct outlined above, Plaintiffs have suffered physical, mental, emotional and psychological distress and are entitled to an award of compensatory damages.

## COUNT VI

### State Law:  False Imprisonment

127.

Plaintiffs incorporate paragraphs 1 through 127 of this Complaint for Damages as fully set forth herein.

128.

As described above, Plaintiffs were unlawfully detained during the drug test and deprived of their personal liberty against their will.

129.

As a result of the Defendants' unlawful conduct outlined above, Plaintiffs have suffered physical, mental, emotional and psychological distress and are entitled to an award of compensatory damages.

## COUNT VII

### State Law:  Negligent Training and Failure to Train

130.

Plaintiffs incorporate paragraphs 1 through 129 of this Complaint for Damages as fully set forth herein.

131.

Defendants were negligent in that they had a duty to train their employees on how to conduct a legal and constitutional drug test yet they failed to properly perform that duty and such failure caused the Plaintiffs' damages.

132.

Moreover, Defendants demonstrated a failure to train government officials in an area where there is an obvious need to train in order to avoid officials and employees violating citizens' constitutional rights.

133.

As a result of the Defendants' unlawful conduct outlined above, Plaintiffs have suffered physical, mental, emotional and psychological distress and are entitled to an award of compensatory damages.

## COUNT VIII

## Attorney's Fees and Expenses of Litigation

134.

Plaintiffs incorporate paragraphs 1 through 133 of this Complaint for

Damages as fully set forth herein.

135.

Pursuant to Title VII and 42 U.S.C. § 1983 Plaintiffs accordingly seek all attorney's fees and expenses of litigation subject to the statutes.

## COUNT IX

### Demand For Jury Trial

136.

Plaintiffs incorporate paragraphs 1 through 136 of this Complaint for Damages as fully set forth herein.

137.

Pursuant to Rule 38(d) of Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all issues in this matter. Therefore, Plaintiffs pray for the following relief:

   (a)   That service of process be issued;

   (b)   An award of actual and compensatory damages in an amount to be proven at trial;

   (c)   An award of litigation expenses and costs, including attorney's fees;

   (d)   Trial by jury; and

(e)     Such other and further relief as the Court deems just and proper.

Respectfully submitted this ____6____ day of May 2013.


By: _____

MARVIN A. DEVLIN
Ga. Bar No. 219969

Marvin A. Devlin P.C.
Attorney at Law
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238
Tel: 404-538-6925
Fax: 404-537-3115
E-Mail: mad@marvindevlin.com

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared according to Local Rules

using 14 point, Times New Roman font pursuant to LR 5.1B.

By: _____
MARVIN A. DEVLIN
Ga. Bar No. 219969

Marvin A. Devlin P.C.
Attorney at Law
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238
Tel: 404-538-6925
Fax: 404-537-3115
E-Mail: mad@marvindevlin.com

EXHIBIT "A"

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Jennifer Stephens<br>2167 Crest Wood Dr<br>Conyers, GA 30094 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

|   | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) |   |   |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-02114 | Ananda L. Harris,<br>Investigator | (404) 562-6849 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

|   | The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC. |
|---|---|
|   | Your allegations did not involve a disability as defined by the Americans With Disabilities Act. |
|   | The Respondent employs less than the required number of employees or is not otherwise covered by the statutes |
|   | Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge |
| X | The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge |
|   | The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge |
|   | Other (briefly state) |

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

FEB 05 2013

Enclosure(s)

Bernice Williams-Kimbrough,
District Director

(Date Mailed)

cc:
    Ann Harris
    Acting Director
    FULTON COUNTY GOVERNMENT
    OCEEODA
    141 Pryor Street - 5th Floor, Suite 5042
    Atlanta, GA 30303

Opt-Out:

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To: Fayth Bond
118 Clark Drive
Ellenwood, GA 30294

From: Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, GA 30303

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-01783 | Samantha Y. McKinney, Investigator | (404) 562-6867 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

Enclosure(s)

Ann Thomas
Acting Director
FULTON COUNTY OFFICE OF EEO AND DISABILITY AFFAIRS
141 Pryor Street
5th Floor, Suite 5042

Marvin Devlin
6595 Roswell Road
Suite 765
Atlanta, GA 30328

## DISMISSAL AND NOTICE OF RIGHTS

Rita R. Gettis
3694 Parc Lorraine Cir
Lithonia, GA 30038

From:  Atlanta District Office
100 Alabama Street, S.W.
Suite 4R30
Atlanta, GA 30303

On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No | EEOC Representative | Telephone No |
|---|---|---|
| 410-2013-01936 | Jose F. Quinones,<br>Investigator | (404) 562-6830 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC

[  ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act

[  ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

FEB 1 3 2013

(Date Mailed)

Enclosure(s)

cc:  Ann Harris
Acting Director
FULTON COUNTY OFFICE OF EEO AND DISABILITY
AFFAIRS
141 Pryor Street
5th Floor, Suite 5047
Atlanta, GA 30303

Opt-Out

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Kristi Mayo<br>1448 Sherrie Lane<br>Atlanta, GA 30331 | From: Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|

[ ]  On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-01990 | Samantha Y. McKinney,<br>Investigator | (404) 562-6867 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough,
District Director

(Date Mailed)

cc:
Ann Harris
Acting Director
FULTON COUNTY OFFICE OF EEO AND DISABILITY AFFAIRS
141 Pryor Street
5th Floor, Suite 5042
Atlanta, GA 30303

Marvin Devlin
6595 Roswell Road
Suite 765
Atlanta, GA 30328

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ms. Deonica M. Jones<br>2150 Olmadison View<br>Atlanta, GA 30349 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

[ ]   On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-01743 | Lucille Greene,<br>Investigator | (404) 562-6861 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]   The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]   Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ]   The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]   Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X]   The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]   The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]   Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice, or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough
District Director

FEB 1 3 2013
(Date Mailed)

Enclosure(s)

cc:   Jerry Reynolds
Human Resources Manager
FULTON COUNTY SHERIFF'S OFFICE
185 Central Avenue, SW
9th Floor
Atlanta, GA 30303

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To | Belinda S. Zackary<br>1458 Eason Street, N.W.<br>Atlanta, GA 30314 | From | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

On behalf of person(s) aggrieved whose identity is
*CONFIDENTIAL (29 CFR §1601.7(a))*

| EEOC Charge No | EEOC Representative | Telephone No |
|---|---|---|
| 410-2013-02008 | Samantha Y. McKinney,<br>Investigator | (404) 562-6867 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ]  The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ]  Your allegations did not involve a disability as defined by the Americans With Disabilities Act

[ ]  The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ]  Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X]  The EEOC issues the following determination. Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ]  The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ]  Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -

*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

| | | |
|---|---|---|
| Enclosure(s) | Bernice  Williams-Kimbrough,<br>District Director | (Date Mailed) |

cc:
Ann Thomas
Acting Director
FULTON COUNTY OFFICE OF EEO AND DISABILITY
AFFAIRS
141 Pryor Street
5th Floor, Suite 5042
Atlanta, GA 30303

Marvin Devlin
6595 Roswell Road
Suite 765
Atlanta, GA 30328

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

To   Tracey General
     4638 Greenbriar Trail
     Atlanta, GA 30331

From   Atlanta District Office
       100 Alabama Street, S.W.
       Suite 4R30
       Atlanta, GA 30303

On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No | EEOC Representative | Telephone No |
|---|---|---|
| 410-2013-02004 | Samantha Y. McKinney, Investigator | (404) 562-6867 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

## - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act: This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

Equal Pay Act (EPA): EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

Enclosure(s)

Bernice  Williams-Kimbrough,
District Director

(Date Mailed)

cc:
Ann Thomas
Acting Director
FULTON COUNTY OFFICE OF EEO AND DISABILITY AFFAIRS
141 Pryor Street
5th Floor, Suite 6042
Atlanta, GA 30303

Marvin Delvin
6595 Roswell Road
Suite 765
Atlanta, GA 30328