IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, et al.,<br><br>    Plaintiffs,<br><br>v.<br><br>FULTON COUNTY, et al.,<br><br>    Defendants. | CIVIL ACTION FILE NO.<br><br>1:16-cv-3461-RWS-JKL |

## **ORDER**

This case is before the Court on Plaintiffs' (Jennifer Stephens, Fayth Bond, Rita Gettis, Kristi Mayo, Deonica Jones, Belinda Zachary, and Tracey General) motion to remand this case to the Superior Court of Fulton County. [Doc. 3.] Named Defendants Fulton County and Sheriff Theodore Jackson oppose remand. [Doc. 5.] For the reasons discussed herein, Plaintiffs' motion to remand is **DENIED**. Further, Plaintiffs are **DIRECTED** to serve the complaint on Defendants within 14 days of the issuance of this order.

## I. Procedural History

### A. The First Complaint.

The claims in the current complaint were originally substantially brought against Fulton County, Sheriff Jackson, and two John Doe defendants in an earlier case. [*See* CM/ECF for the N.D. of Ga., case no. 1:13-cv-1528-RWS ("*Stephens I*"), Doc. 1.] The complaint alleged claims for violations of 42 U.S.C. § 1983, Title VII, intentional infliction of emotional distress, false imprisonment, and negligent training. [*Id.*] The claims all centered around drug testing that the Defendants conducted in August 2012. [*See id.*]

The Defendants moved to dismiss the initial case in its entirety. [Docs. 5, 6.] Magistrate Judge Brill, then assigned to the case, recommended that (1) the § 1983 claims against the County be dismissed for failure to state a claim, (2) the Title VII claims against the County be dismissed because Fulton County was not the Plaintiffs' employer, (3) the state tort claims against Fulton County be dismissed on grounds of sovereign immunity, (4) the state law claims against Jackson be dismissed because Jackson was entitled to sovereign and official immunity, and (5) the federal claims brought against Jackson in his individual capacity be dismissed because of qualified immunity, but (6) the official capacity

federal claims against Jackson go forward. [*Stephens I*, Doc. 9.] District Judge Story adopted Magistrate Judge Brill's report without objection. [*Stephens I*, Doc. 11.]

Following discovery, Jackson moved for summary judgment, arguing that he had Eleventh Amendment immunity from the § 1983 claims, and was entitled to judgment on the gender discrimination claims. [*Stephens I*, Doc. 79-1 at 6, 20.] In lieu of filing a response, Plaintiffs moved to dismiss their own complaint without prejudice, conceding that the Court lacked jurisdiction over their § 1983 claim. [*Stephens I*, Doc. 98-1.] Over Defendants' opposition, I recommended that Plaintiffs' motion for voluntary dismissal be granted. [*Stephens I*, Doc. 102.] District Judge Story adopted that recommendation without objection. [*Stephens I*, Doc. 104.]

### B.     The current complaint.

Plaintiffs filed the instant complaint in state court. [Doc. 1-1.] The complaint centers around the same facts as in *Stephens I*, but alleges some different claims. [*Id.*] The present complaint asserts claims under Title VII, § 1983, and the Georgia Constitution, as well as state tort claims for invasion of privacy, negligence per se, intentional infliction of emotional distress, false

3

imprisonment, and negligent failure to train and supervise. [*Id.* at 20-24.] The Defendants removed the action to this Court, asserting federal question and supplemental jurisdiction. [Doc. 1.] Plaintiffs have moved for a remand to state court, which Defendants oppose. [Docs. 3, 5.]

## II.  Law governing the motion to remand.

### A.  The parties' arguments.

In their motion to remand, the Plaintiffs assert that this Court lacks subject matter jurisdiction over its § 1983 claims, and that those claims are so intertwined with their Title VII claim that the two should not be separated. [Doc. 3-1 at 1.] They argue that the Defendants have Eleventh Amendment immunity against the § 1983 claim, and that immunity deprives this Court of jurisdiction over the claim. [*Id.* at 4-5.] They further argue that neither party can voluntarily waive subject-matter jurisdiction. [*Id.* at 5-6.] Accordingly, they argue that removal was improper and the case must be remanded to state Court. [*Id.* at 6.] They also request attorney's fees, arguing that Defendants have been aware of the jurisdictional defect. [*Id.*]

Defendants respond that this Court has jurisdiction over the case because the removed complaint raises claims centered on federal statutes. [Doc. 5 at 3-4.]

4

The fact that the Eleventh Amendment permitted Defendants to assert immunity when sued in federal court does not prevent them from removing a federal claim to this Court.  [*Id.* at 4-5.]  They argue that the Plaintiffs cannot defeat removal by anticipating Defendants' invocation of the Eleventh Amendment, and they likewise cannot force the Defendants to invoke immunity.  [*Id*. at 5.]  Defendants also argue that Plaintiffs' request for fees should be denied.

### B.     Removal generally

The federal removal statute states that defendants may remove any case to federal court where "the district Courts of the United States have original jurisdiction."  28 U.S.C. § 1441(a).  One form of original jurisdiction is federal question jurisdiction.  "The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."  28 U.S.C. § 1331.

### C.     Eleventh Amendment immunity and waiver.

The Eleventh Amendment to the United States Constitution reads, "The Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State."  U.S.

Const. Amend. XI. As recognized by the Eleventh Circuit, the Supreme Court has, on several occasions, held that the Eleventh Amendment preserves a state's sovereign immunity in federal court, including in lawsuits filed by its own citizens. *See Stroud v. McIntosh*, 722 F.3d 1294, 1298 (11th Cir. 2013) (collecting cases). There are two main exceptions to a state's sovereign immunity: (1) Congress can abrogate sovereign immunity by enacting legislation to enforce substantive provisions of the Fourteenth Amendment; or (2) a state can waive its sovereign immunity. *Id.*

In *Stroud*, the Eleventh Circuit considered whether a state waived its immunity by removing a case, filed in state court, into federal court. *Stroud*, 722 F.3d at 1298. In that case, the plaintiff sued defendants, including an Alabama state agency, in state Court, alleging several violations of federal statutes. *Id.* at 1296. The Circuit held that, in removing the case, the state waived its immunity from suit in a federal forum by voluntarily invoking the jurisdiction of the federal court. *Id.* at 1302. In that way, the state cannot challenge the federal court's jurisdiction to hear a case after a voluntary removal. *Id.* The state, however, does not waive defenses to liability that would have been available to it in state court,

6

including some forms immunity. *Id.*; *see also Moon v. Rockdale Cty.*, 188 F. Supp. 3d 1369, 1379-80 (N.D. Ga. 2016).[1]

### III. Discussion

Plaintiffs' argument for remand is based entirely on the contention that this Court would lack jurisdiction over a claim from which the defendant can assert Eleventh Amendment immunity. Defendants counter that invoking Eleventh Amendment immunity is optional, and, as they have not invoked immunity in the present case, federal question jurisdiction is not disturbed. In line with the above case law, I agree with Defendants' conclusion, but not necessarily their reasoning.

Defendants, in fact, do not have the option of invoking Eleventh Amendment immunity in this case, at least not insofar as the Eleventh Amendment gives the state forum immunity. *Stroud*, 722 F.3d at 1302. By virtue of having removed this case, Defendants have voluntarily availed themselves of the federal courts' jurisdiction, and cannot then invoke a doctrine that would negate that jurisdiction. *See id.* Plaintiffs do not argue or suggest that, but for an

---

[1] There is a Circuit split as to this issue, with several Circuits holding that removal acts as a complete waiver, some holding that it is not a waiver at all, and some others agreeing with the Eleventh Circuit's view that removal waives forum immunity but not other forms of immunity. *See* Jessica Wagner, *Waiver by Removal? An Analysis of State Sovereign Immunity*, 102 Va. L. Rev. 549, 553-60 (2016) (discussing the several approaches).

7

Eleventh Amendment defense, this Court would not have original jurisdiction over the case. As Defendants have not only not asserted a jurisdictional Eleventh Amendment defense, but have waived their ability to do so, I readily conclude that removal is proper because this Court has original jurisdiction over the claims brought under federal statutes.

At oral argument on this motion, Plaintiffs suggested that, on balance, it would be unfair to require them to come back to federal court after they initially filed suit here, only to have to refile it in state court. They argue that, had Defendants waived their forum immunity in the first instance, the case would never have to have gone to state court. Plaintiffs argue, therefore, that it would be inequitable to require them back into federal court after they were forced by the Defendants to file the claim in state court. To the extent I understand Plaintiffs to have argued that I should remand the case as a discretionary matter, even though federal question jurisdiction exists, I am unaware of any authority that would allow me to do so. In any event, while I understand Plaintiffs' concerns, I do not think it is appropriate to send the case back to state court at this juncture.

## IV. Conclusion

In light of the above, Plaintiffs' motion to remand, [Doc. 3], is **DENIED**. Plaintiffs' request for attorney's fees, [Doc. 3-1 at 6-7], is also **DENIED**. As the complaint has not yet been served on Defendants, Plaintiffs are **DIRECTED** to complete service within 14 days of this order and to file proof of timely service with the Court.

IT IS SO ORDERED this 31st day of January, 2017.

_____
JOHN K. LARKINS III
United States Magistrate Judge