IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL, <br><br>Plaintiffs, <br><br>v. <br><br>FULTON COUNTY, SHERIFF THEODORE JACKSON in his Official capacity as the Fulton County Sheriff, and John Does 1 & 2 individually and in their official capacities as employees of the Fulton County Sheriffs department and Fulton County, <br><br>Defendants. | CIVIL ACTION FILE NO. 1:16-cv-03461-RWS-JKL |

## BRIEF IN SUPPORT OF DEFENDANTS' PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT

COME NOW, Defendants Fulton County, Georgia ("Fulton County") and Fulton County Sheriff Theodore Jackson ("Sheriff Jackson"), hereinafter referred to as "Defendants," by and through their undersigned counsel, and hereby file this Brief in support of their Partial Motion to Dismiss Plaintiffs' Complaint and show this Honorable Court the following:

## **STATEMENT OF FACTS AS ALLEGED IN COMPLAINT**

Plaintiffs' Complaint alleges that, on or about August 7, 2012, Plaintiffs, who are all employees of the Fulton County Sheriff's Office, were required to submit to random drug testing at the Fulton County Jail and the Fulton County Sheriff's Office. (Complaint, ¶¶ 25, 47, 60, 74, 86, 94 and 103). The Complaint further alleges that either an officer from the Office of Professional Standards or a sergeant accompanied each of the Plaintiffs into the bathroom and watched them give their urine samples. (Complaint, ¶ 31, 49, 65, 77, 89, 96, 106, 107).

Plaintiff Stephens alleges that the officer who accompanied her into the bathroom observed her "private parts" while she was attempting to give the urine sample. She also alleges that when she attempted to drink orange juice at the order of a different officer, she became light headed, dizzy and vomited on the floor. (Complaint ¶ 41). Plaintiff Stephens further alleges that as a result of the drug testing she was physically ill, not able to sleep or eat and experienced extreme emotional and physical distress. (Complaint, ¶ 43).

Plaintiffs Mayo and Zachary specifically allege that the officers who accompanied them into the bathroom observed their vaginas and that others who walked into the bathroom could view their vaginas and "private parts" while they were attempting to give the urine samples. (Complaint, ¶¶ 82, 95, 97). Plaintiff General alleges that the officer who accompanied her into the bathroom kept her

eyes focused on Plaintiff General's vagina, causing her to feel humiliated, stressed and severely uncomfortable.  (Complaint, ¶ 107). Plaintiff Bond alleges that as a result of the drug testing she felt humiliated, degraded, had a severe headache and could not fall asleep without medicine, and she experienced extreme emotional and physical pain and suffering. (Complaint, ¶ 56).

Plaintiffs generally allege that "Defendant Fulton County Sheriff Theodore Jackson actively participated in and/or approved the decisions and actions complained of [in the Complaint], and shared, knew of, condoned, ratified, and acquiesced in unlawful discriminatory motives and illegal conduct in the underlying actions." (Complaint, ¶ 11). Plaintiffs also allege that "Defendants John Doe 1 & 2 are unnamed agents, managers, and employees of the Fulton County Sheriff's Department and of the Fulton County Sheriff and of Fulton County and at all times ratified, conspired in, or in other ways participated in the discriminatory and illegal acts of Defendants Jackson and Fulton County and the Fulton County Sheriff's Department." (Complaint, ¶ 12).

Plaintiffs also allege that Defendants engaged in intentional and reckless conduct which was extreme and outrageous causing them severe emotional distress.  (Complaint, ¶ 142). Plaintiffs further allege that they were unlawfully detained during the drug test and deprived of their personal liberty against their will.  (Complaint, ¶ 145). Finally, Plaintiffs allege that Defendants were negligent

in that they had a duty to train their employees on how to conduct a legal and constitutional drug test yet they failed to properly perform that duty and that Defendants demonstrated a failure to train government officials in an area where there is an obvious need to train. (Complaint, ¶ 148 – 150).

## INTRODUCTION

Plaintiffs are attempting to raise claims pursuant to Title VII and 42 U.S.C. § 1983 because they allege that the drug tests administered to them by Defendants were based on the Plaintiffs' gender and violated their constitutional rights. These drug tests occurred over five years ago—in August of 2012. On October 12, 2015 Plaintiffs filed a motion to voluntarily dismiss their original May 2013 complaint. Plaintiffs' claims are therefore time barred. Dismissal is further warranted because Defendants are protected from liability by sovereign immunity, the Sheriff and Fulton County being persons not subject to suit via section 1983, and the Sheriff's compelling interest in preventing drugs from entering the Fulton County Jail.

## ARGUMENT AND CITATIONS OF AUTHORITY

**A. Plaintiffs' Title VII claims are time barred.**

Plaintiffs originally filed suit alleging sex discrimination against these same Defendants, on May 6, 2013—within ninety (90) days of the receipt of the February 5, 2013 right to sue letter provided to them by the Equal Opportunity

Employment Commission (hereinafter "EEOC"). However, Plaintiffs filed a motion to voluntarily dismiss their claims on October 12, 2015. Title VII requires claimants to file suit within ninety (90) days of receipt of a right to sue letter from the EEOC.[1] Plaintiffs' filing of their second complaint on August 12, 2016 was more than three (3) years after the receipt of their February 5, 2013 right to sue letter.

While Plaintiffs may attempt to argue that the voluntary dismissal of their first timely complaint tolled the statute of limitations, the law is clear that the clock was not tolled. The Eleventh Circuit Court of Appeals has explained that a case having been dismissed without prejudice does not toll Title VII's ninety (90) day statute of limitations. See Jackson v. Hall Cty. Govt, Georgia, 568 F. Appx 676, 679 (11th Cir. 2014) ("[Plaintiff's] reliance on Pardazi v. Cullman Medical Center, 896 F.2d 1313 (11th Cir., 1990)—to argue that a case dismissed without prejudice can toll the applicable statute of limitations—is misplaced. In Pardazi, we clearly outlined that if the 90–day period has passed and the initial case was dismissed without prejudice, the statute of limitations would bar prosecution of the action"). Further, the Eleventh Circuit held that where a federal case is voluntarily dismissed, it is as if the suit was never filed. See Moore v. Chamberlain, 559 F.

---

[1] See Miller v. Georgia, 223 F. Appx 842, 844 (11th Cir. 2007) ("Under Title VII, a plaintiff must file her complaint in the district court within 90 days of her receipt of a right-to-sue letter from the EEOC").

Appx 969, 970 (11th Cir. 2014) ("While Rule 15(c) allows an amended complaint to relate back to the date of filing of an initial complaint in limited circumstances, we have held that dismissal without prejudice of a timely filed complaint does not allow a later complaint to be filed outside the limitations period. Fed.R.Civ.P. 15(c); Bost v. Fed. Express Corp., 372 F.3d 1233, 1242 (11th Cir.2004). Voluntary dismissal of a federal action has the effect of placing the parties in a position as if the suit had never been filed"). Moreover, even Georgia's renewal statute cannot save Plaintiffs' Title VII claims because Title VII contains its own statute of limitations:

> [Plaintiff] first maintains that Georgia law, not federal law, governs the voluntary dismissal of her complaint. She claims that Ga.Code Ann. § 9–2–61(a) afforded her a second chance to file her original complaint as long as EDS received notice of her lawsuit. But [Plaintiff's] suit is based on Title VII, a federal law. And Title VII contains a statute of limitations. See 42 U.S.C. § 2000e–5(f)(1). Thus, federal law, not the law of Georgia, provides the applicable limitations period. See Phillips v. United States, 260 F.3d 1316, 1318 (11th Cir.2001) (stating that a court looks to state law to determine a limitations period only when Congress has failed to provide a statute of limitations for a federal cause of action). The record is clear that Plaintiff did not file her second complaint within 90 days of receiving the right-to-sue letter from the EEOC. See 42 U.S.C. § 2000e–5(f)(1). The EEOC mailed the right-to-sue letter on 5 March 2003. Although no one contests that [Plaintiff] timely filed her initial complaint on 5 June 2003, [Plaintiff] did not file the instant complaint until 14 October 2003, long after the 90–day period expired. And [Plaintiff's] filing of her 5 June 2003 complaint—which she voluntarily dismissed on 14 October 2003—did not toll the statute of limitations.

See <u>Weldon v. Elec. Data Sys. Corp.</u>, 138 F. Appx 136, 138 (11th Cir. 2005)

Thus, Title VII's statute of limitations overrides Georgia's renewal statute. Plaintiffs' August 12, 2016 complaint was filed more than three years beyond the ninety (90) day statute of limitations—time barring Plaintiffs' Title VII claims. As a result, Plaintiffs' Title VII claims should be dismissed as a matter of law.

## B. Plaintiffs' state law claims against Fulton County and Sheriff Jackson, in his official capacity, are barred by the doctrine of sovereign immunity

Sovereign immunity bars Plaintiffs' state law claims against Fulton County and Theodore Jackson in his capacity as Fulton County Sheriff.[2] Although Defendants have waived their immunity from suit in federal court, they have not waived their immunity from liability. The Eleventh Circuit has made it clear that a state may waive immunity to suit in a particular forum, while maintaining its liability immunity for certain claims. See <u>Stroud v. McIntosh</u>, 722 F.3d 1294, 1303 (11th Cir. 2013) ("As we have established, a state can waive its forum immunity but retain other aspects of sovereign immunity, including immunity from liability for certain claims"). Further, in Georgia, it is well settled that counties and state officials sued in their official capacity retain the state's sovereign immunity

---

[2] Plaintiffs' state law claims allege violations of the Georgia Constitution, invasion of privacy, negligence per se, intentional infliction of emotional distress, false imprisonment and negligent and/or failure to train and supervise.

absent waiver.  See Gilbert v. Richardson, 264 Ga. 744, 747, 452 S.E.2d 476, 479 (1994) ("In Toombs County v. O'Neal, 254 Ga. 390, 391, 330 S.E.2d 95 (1985), this court held that the 1983 amendment's reservation of immunity to the "state or any of its departments or agencies" included the counties of the State of Georgia. See also Nelson v. Spalding County, 249 Ga. 334, 290 S.E.2d 915 (1982) (extending sovereign immunity to counties under the similar language provided in Art. VI, Sec. V, Par. I of the 1976 State Constitution). Absent any evidence that the legislature intended a different interpretation or to indicate that the electorate did not intend to extend sovereign immunity to counties, we hold the 1991 amendment's extension of sovereign immunity to 'the state and its departments and agencies must also apply to counties"); See Georgia Dept. of Nat. Res. v. Ctr. for a Sustainable Coast, Inc., 294 Ga. 593, 599, 755 S.E.2d 184, 190 (2014) ("…[T]he plain language of Paragraph IX(e) [of the Georgia Constitution] explicitly bars suits against the State or its officers and employees sued in their official capacities, until and unless sovereign immunity has been waived by the General Assembly").

There has been no such waiver for the Plaintiffs' state law claims. Thus, sovereign immunity bars Plaintiffs' state law claims against Fulton County and Sheriff Jackson in his official capacity.  See McCobb v. Clayton Cty., 309 Ga. App. 217, 217–18, 710 S.E.2d 207, 209 (2011) ("Under Georgia law, sovereign

immunity is an immunity from suit, rather than a mere defense to liability, and, therefore, whether a governmental defendant has waived its sovereign immunity is a threshold issue").

## C. Fulton County and Sheriff Jackson, in his official capacity, are not "persons" subject to suit via Section 1983.

Plaintiffs' section 1983 claims against Fulton County and Sheriff Jackson in his official capacity are void, as Fulton County and Sheriff Jackson in his capacity as sheriff cannot be sued via Section 1983. The United States Supreme Court and the Eleventh Circuit Court of Appeals have made it clear that states and state officials acting in their official capacity are not "persons" capable of being sued under section 1983. See Will v. Michigan Dept. of State Police, 491 U.S. 58, 71, 109 S. Ct. 2304, 2312, 105 L. Ed. 2d 45 (1989) ("We hold that neither a State nor its officials acting in their official capacities are "persons" under § 1983"). See McGuire v. Florida Lottery, 520 F. Appx 850, 851 (11th Cir. 2013) ("A suit against a state agency is no different than a suit against the state itself, and "neither a state nor its officials acting in their official capacities are 'persons' under § 1983"). Thus, Plaintiffs' section 1983 claims against Fulton County and Sheriff Jackson in his capacity as Fulton County Sheriff must be dismissed as a matter of law.

## D. Plaintiffs' claims against John Does 1 and 2 should be dismissed as fictitious party pleading.

Plaintiffs' complaint names "John Does 1 and 2 individually and in their capacity as employees of the Fulton County Sheriff's Office" as Defendants. However, the Eleventh Circuit Court of Appeals makes it clear that a description of this nature constitutes "fictitious-party pleading," and is not permitted in federal court, thereby warranting dismissal: "We also conclude that the district court correctly dismissed [Plaintiff's] claim against John Doe. As a general matter, fictitious-party pleading is not permitted in federal court." See Richardson v. Johnson, 598 F.3d 734, 738 (11th Cir. 2010). And while there is a limited exception where Plaintiffs give exceptionally detailed description of the John Does, so detailed as to amount to "surplusage" according to the Eleventh Circuit,[3] Plaintiffs' have fallen far short of providing such detail. Plaintiffs describe Defendants John Doe I & 2 as "unnamed agents, managers, and employees of the Fulton County Sheriff's Department and of the Fulton County Sheriff and of Fulton County and at all times ratified, conspired in, or in other ways participated in the discriminatory and illegal acts of Defendants Fulton County and the Fulton County Sheriff's Department." Plaintiffs' description is such that it is clear that

---

[3] See Richardson, 598 F.3d at 734 ("We have created a limited exception to this rule when the plaintiff's description of the defendant is so specific as to be at the very worst, surplusage").

they are not even certain there are only two (2) unnamed individuals, whether the individuals are managers or lower level employees, or what specific acts they participated in that would make them liable to Plaintiffs. Plaintiffs' description of John Does 1 and 2 is at best, insufficient to identify who the individuals actually are. Consequently, all of Plaintiffs' claims against John Does 1 and 2 should be dismissed as a matter of law.

## CONCLUSION

For the aforementioned reasons, Defendants' partial motion to dismiss should be GRANTED.

Respectfully submitted, this 23rd day of February 2017

**FULTON COUNTY ATTORNEY'S OFFICE**

*/s/ A.Jonathan Jackson*
A. Jonathan Jackson
Georgia Bar No. 852077
Alfred.Jackson@fultoncountyga.gov

Kaye Woodard Burwell
Deputy County Attorney
Georgia Bar No. 775060
Kaye.Burwell@fultoncountyga.gov

Ashley Palmer
Senior Attorney
Georgia Bar No. 603514
Ashley.Palmer@fultoncountyga.gov
**Attorneys for Defendants**

141 Pryor Street, Suite 4038

Atlanta, Georgia 30303
(404) 612-0248 (facsimile)
(404) 730-6324 (fax)

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, : <br> RITA GETTIS, KRISTI MAYO, : <br> DEONICA JONES, BELINDA ZACHARY, : <br> and TRACEY GENERAL, : <br> : <br> Plaintiffs, : <br> : <br> v. : <br> : <br> FULTON COUNTY, SHERIFF : <br> THEODORE JACKSON in his Official capacity : <br> as the Fulton County Sheriff, and John Does 1 & 2 : <br> ,individually and in their official capacities : <br> as employees of the Fulton County Sheriffs : <br> department and Fulton County., : <br> : <br> Defendants. : <br> _____ : | CIVIL ACTION FILE NO. <br> 1:16-cv-03461-RWS-JKL |

## CERTIFICATE OF SERVICE

THIS CERTIFIES that on February 23, 2017, **DEFENDANTS' BRIEF IN SUPPORT OF THEIR PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT** was electronically filed using Times New Roman, 14 point type in accordance with Local Rule 5.1 C with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record:

Marvin A. Devlin, Esquire
Marvin A. Devlin, P.C.
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238

Respectfully submitted, this 23rd day of February 2017.

        **FULTON COUNTY ATTORNEY'S OFFICE**

        ***/s/ A.Jonathan Jackson***
        A. Jonathan Jackson
        Georgia Bar No. 852077
        Alfred.Jackson@fultoncountyga.gov

141 Pryor Street, Suite 4038
Atlanta, Georgia 30303
(404) 612-0248
(404) 730-6324 (fax)
P:\CALitigation\Sheriff\Stephens, Jennifer; et al. v. Sheriff Theodore Jackson - 1.16-CV03461 - (AJJ)\Pleadings\brief mtd.docx