IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

JENNIFER STEPHENS, FAYTH BOND,
RITA GETTIS, KRISTI MAYO,
DEONICA JONES, BELINDA ZACHARY,
 and TRACEY GENERAL

             Plaintiffs,

v.

FULTON COUNTY, SHERIFF
THEODORE JACKSON in his Official capacity
as the Fulton County Sheriff, and John Does 1 & 2,
individually and in their official capacities
as employees of the Fulton County Sheriffs
department and Fulton County.

             Defendants.

Civil Action File No.:
1:16-cv-03461-ELR-CMS

**PLAINTIFFS' RESPONSE IN OPPOSITION TO DEFENDANTS'
PARTIAL MOTION TO DISMISS PLAINTIFFS' COMPLAINT**

COME NOW, Jennifer Stephens, Fayth Bond, Rita Gettis, Kristi

Mayo, Deonica Jones, Belinda Zachary, and Tracey General, Plaintiffs herein, and

hereby file this RESPONSE in Opposition to Defendants' Partial Motion to

Dismiss and Supporting Brief and show this honorable court that Defendants'

partial motion to dismiss should be denied.

**I.     INTRODUCTION**

1

Defendants argue that Plaintiffs' Title VII claims are time barred. However, as will be demonstrated below, Plaintiffs are entitled to an equitable tolling of the statute of limitation as Plaintiffs have taken every step necessary to properly litigate this case and Plaintiffs have exercised extreme diligence in preserving their legal rights.

Defendants also argue that Defendant Sheriff Jackson cannot be sued under Section 1983 because he is not a "person;" however, as will be established below Defendant Sheriff Jackson is liable for the actions of the Sheriff's Department under the doctrine of supervisory liability.

## II.    STATEMENT OF FACTS

As alleged in Plaintiffs' Complaint, on August 7, 2012, Plaintiffs were selected for random drug testing. All of the Plaintiffs underwent a similar, but separate and unique experience. At least two of the Plaintiffs, Ms. Stephens and Ms. Mayo were subjected to submit their urine samples in unclean and unsanitary environments. (Complaint ¶¶ 27-29, 69, 78-79). All of the Plaintiffs were forced to expose their private areas to the OPS officers while providing their urine samples. (Complaint ¶¶ 32, 49-51, 65, 67, 77, 88-89, 95-97, 106-107). Some of the Plaintiffs were forced to expose their vaginas to OPS officers and to other individuals who walked by while providing their urine samples. (Complaint ¶¶ 82, 95-97, 108). As

a result of this violation of Plaintiffs' privacy, Plaintiffs were left feeling violated, humiliated, embarrassed and degraded. (Complaint ¶¶ 56, 82, 89, 99, 107). Moreover, as a result of the grotesque nature of the drug testing, Ms. Stephens vomited twice and experienced a headache. (Complaint ¶¶ 41-43). Ms. Bond also suffered a headache and had difficulty sleeping. (Complaint ¶ 56).

The Plaintiff's complaint alleged, among other things, "Defendants, based on clearly established law, knew at the time they committed the acts described herein that such acts were unlawful, and were in direct violation of Plaintiffs' rights under Title VII, 42 U.S.C. § 1983, their Fourteenth Amendment rights to be free from unlawful discrimination, and their Fourth Amendment rights to be free from unreasonable search and seizure and Defendants knew or should have known that Plaintiffs were persons covered by the protections provided thereunder, but purposely and in violation of their constitutional and statutory rights engaged in the illegal conduct outlined above." (Complaint ¶ 112) Plaintiff's also alleged that Defendants' failed to train and supervise their employees on how to conduct a legal and constitutional drug test. (Complaint ¶ 148-149).

Plaintiffs' Complaint also stated, "[a]s a result of the Defendants' unlawful conduct outlined above, Plaintiffs have suffered mental, emotional and psychological distress and are entitled to an award of compensatory damages." As

will be demonstrated herein, based on the facts alleged alone, Plaintiffs have stated a claim for which relief should be granted.

## III.   PROCEDURAL HISTORY

In an effort to aid the court in understanding the unique circumstances of this case, Plaintiffs will outline the lengthy procedural history herein.

Plaintiffs filed the initial complaint in this action along with their Notices of Right to Sue on May 6, 2013. (Attached hereto as Exhibit "A") Plaintiffs' Notices of Right to Sue were signed on February 5th, 7th, and 13th of 2013. Thus, Plaintiff's Complaint was filed within the 90-day statute of limitations as required by Title VII.

Defendants' filed a Motion to Dismiss the original complaint on August 8, 2013, to which Plaintiffs timely responded. The Court adopted the Report and Recommendation granting in part and denying in part Defendants' Motion to Dismiss in an order dated November 27, 2013. Discovery ensued and Defendants' filed their Motion for Summary Judgment on August 31, 2015. During discovery, eleven depositions were completed and numerous documents were exchanged.

On January 13, 2015, while discovery in this case was ongoing, the United States Court of Appeals for the Eleventh Circuit issued an opinion in the case of *Pellitteri v. Prine*, 776 F.3d 777 (11th Cir. 2015) holding, among other things, that

Georgia Sheriff's are considered "arms of the state" when sued in their official capacity under Title VII.   In accordance with *Pellitteri*, Plaintiffs' moved to dismiss their case and re-file their complaint in state court. On March 1, 2016, the Court issued an order adopting the Report and Recommendation granting Plaintiff's Motion to Dismiss without imposition of any additional conditions.

On August 12, 2016, Plaintiffs re-filed their Complaint in Fulton County Superior Court. On September 15, 2016, Defendants filed a Notice of Removal to remove the case back to this court. On October 17, 2016, Plaintiffs filed their Motion to Remand. This Court issued an order on January 31, 2017 denying Plaintiffs' Motion to Remand. On February 23, 2017, Defendants' filed a second Motion to Dismiss to which Plaintiffs are presently responding.

As evidenced from the procedural posture of this case, this case has been ongoing for almost four years and Plaintiffs have done everything in their power to ensure that this case is fully and properly litigated.

## IV.   STANDARD OF REVIEW

Defendants filed their Motion to Dismiss for failure to state a claim pursuant to FRCP 12 (b)(6). In order to state a claim, Plaintiff's complaint must contain only "a short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2)   "While a complaint attacked pursuant to a Rule

12(b)(6) motion to dismiss does not need detailed factual allegations, a plaintiff's obligation to provide the 'grounds' of his 'entitle[ment] to relief' requires more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do. Factual allegations must be enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)(citations omitted).

Moreover, "[a] motion to dismiss under *Rule 12(b)(6)* attacks the legal sufficiency of the complaint. It is viewed with disfavor and rarely granted. See e.g., *Int'l Erectors, Inc. v. Wilhoit Steel Erectors & Rental Serv., 400 F.2d 465, 471 (5th Cir. 1968)*. A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts entitling him to relief. *Hishon v. King & Spalding, 467 U.S. 69, 73, 104 S. Ct. 2229, 81 L. Ed. 2d 59 (1984)*; *Pataula Elec. Membership Corp. v. Whitworth, 951 F.2d 1238, 1240 (11th Cir. 1992)*. The court is to presume true all of the complaint's allegations and make all reasonable inferences in favor of the plaintiff. *Duke v. Cleland, 5 F.3d 1399, 1402 (11th Cir. 1993)*. The rules require nothing more than 'a short and plain statement' that will give the defendant fair notice [*7] of the claims and the grounds upon which they are based. *Conley v. Gibson, 355 U.S. 41, 45-46, 78 S. Ct. 99, 2 L. Ed. 2d 80*

*(1957).*" *Wilkes v. Clayton County et al.*, 2006 U.S. Dist. LEXIS 48007 (N.D. Ga. 2016)

In the instant case, Plaintiffs have clearly met their burden to state sufficient facts to support their claims, and, to demonstrate their right to bring their claims, in the first instance. Further, in deciding a motion to dismiss, the Court must accept all well-pleaded facts in the complaint as true, and all reasonable inferences drawn from those facts as true. *Bowers v. Bd. of Regents of the Univ. Sys. of Ga.*, 2013 U.S. App. LEXIS 3224 (11th Cir 2013). Under this standard, a review of Plaintiffs' complaint demonstrates that the Defendants' motion must be denied.

## V. ARGUMENT AND CITATION OF AUTHORITY

### A.    Plaintiffs are entitled to equitable tolling of the Title VII statute of limitations period.

In *Irwin v. Dept. of Veteran Affairs, et al.*, 498 U.S. 89, 95 (1990)(vacated by *Hinton v. Cheney*, 1993 U.S. App. LEXIS 28987)(equitable tolling cannot be applied to §7703), the United States Supreme Court wrote, "Time requirements in lawsuits between private litigants are customarily subject to 'equitable tolling,' *Hallstrom v. Tillamook County, 493 U.S. 20, 27, 107 L. Ed. 2d 237, 110 S. Ct. 304 (1989)*. Indeed, we have held that the statutory time limits applicable to lawsuits against private employers under Title VII are subject to equitable tolling." Thus, the Supreme Court in *Irwin* held, "Once Congress has made [an Eleventh

Amendment Waiver], we think that making the rule of equitable tolling applicable to suits against the Government, in the same way that it is applicable to private suits, amounts to little, if any, broadening of the congressional waiver. … We therefore hold that the same rebuttable presumption of equitable tolling applicable to suits against private defendants should also apply to suits against the United States." *Irwin*, 498 U.S. at 95-96. *See also United States v. Wong*, 135 S. Ct. 1625, 1638 (2014)(" As *Irwin* recognized, treating the Government like a private person means (among other things) permitting equitable tolling.")  Thus, based on clearly established case law, equitable tolling of the Title VII statute of limitations is permitted in the instant case.

The Supreme Court in *Irwin* also wrote, "We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass. We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights." *Irwin*, 498 U.S. at 96.

In the instant case, as outlined in the procedural history above, Plaintiffs certainly have not failed to exercise due diligence in preserving their legal rights.

Plaintiffs filed their initial complaint within the 90-day window prescribed by Title VII. Furthermore, Plaintiffs litigated this case to the fullest extent allowed under the law. Plaintiffs timely responded to all of Defendants' Motions; Plaintiffs' actively participated in discovery by participating in eleven depositions and exchanging numerous documents; and Plaintiffs' filed the appropriate motion to dismiss the initial complaint once Plaintiffs realized that new case law stripped the Federal Court's of subject matter jurisdiction to adjudicate Plaintiffs' claims as long as Defendants' maintained their Eleventh Amendment immunity.   Thus, Plaintiffs clearly exercised due diligence in preserving their legal rights.

Although this request for equitable tolling of the statute of limitations could have been avoided had Defendants' waived there eleventh amendment immunity in the first action, Plaintiffs are not alleging that this is a case where Defendants have tricked the Plaintiff into allowing the filing deadline to pass. Instead, Plaintiff argues that this case falls under the instance where Plaintiffs have "actively pursued [their] judicial remedies by filing a defective pleading during the statutory period." *Id.* While, they may not have filed a defective pleading *per se*, Plaintiffs filed their claim in an improper jurisdiction. However, when Plaintiffs filed their complaint they had no way of knowing that future case law would bar this type of claim in federal court.  Simply stated, Plaintiff did nothing wrong, the law changed

and made concrete the fact that federal courts lack subject matter jurisdiction to adjudicate claims against Georgia Sheriff's department. *See Pellitteri v. Prine*, 776 F.3d 777 (11th Cir. 2015) As such, the statute of limitation regarding Plaintiffs' Title VII claims should be equitably tolled.

**B.     Plaintiffs' §1983 claims cannot be dismissed as Defendant Sheriff Jackson is liable under supervisory liability.**

In *Shuford et al. v. Conway et al.*, 2016 U.S. App. LEXIS 20717, *17 (11th Cir 2016) the United States Court of Appeals for the Eleventh Circuit wrote, "[t]o establish supervisory liability, a plaintiff must show a 'causal connection between [defendants'] actions and the alleged constitutional violation.' *Keith v. DeKalb Cty., 749 F.3d 1034, 1047-48 (11th Cir. 2014).* 'The necessary causal connection can be established when a history of widespread abuse puts the responsible supervisor on notice of the need to correct the alleged deprivation, and he fails to do so,' or 'when a supervisor's custom or policy results in deliberate indifference to constitutional rights.'"

In *Shuford*, the Plaintiffs brought a Section 1983 claim against the Sheriff of Gwinnett County, Georgia for violations of Plaintiffs' constitutional rights. The Appellate Court reasoned that, "[t]he plaintiffs have established a material question of fact as to whether Sheriff Conway and Lt. Col. Sims were on notice of a history

of widespread abuse, and also whether Sheriff Conway's custom or policy resulted in deliberate indifference to their constitutional rights."

Similarly, Plaintiffs in the instant case are suing the Sheriff of Fulton County, Georgia for violations of Plaintiffs' constitutional rights. However, unlike *Shuford,* Defendants have not filed a Motion for Summary Judgment and Plaintiffs do not have to establish a material question of fact regarding a causal connection between defendants' actions and the alleged constitutional violation.

At the Motion to Dismiss stage of litigation, Plaintiffs' complaint must only contain "[f]actual allegations [that are] enough to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 545 (2007)(citations omitted).   Thus, Plaintiffs' complaint must allege that a history of widespread abuse puts Defendant Sherriff Jackson on notice of the need to correct the alleged deprivation, and that he fails to do so *or* that Defendant Sheriff Theodore Jackson's custom or policy results in deliberate indifference to constitutional rights.

Accordingly, Plaintiff's complaint clearly alleges that Defendants, including Sheriff Jackson, failed to train and supervise his employees on how to conduct a proper, legal and constitutional drug test. (Complaint ¶ 148-149). This failure to supervise and failure to train created a custom and policy that caused Defendants' employees to conduct an improper and unconstitutional drug test which violated

Plaintiffs' clearly established constitutional rights. Moreover, Plaintiff's Complaint also states, "Defendants, based on clearly established law, ***knew at the time they committed the acts described herein that such acts were unlawful, and were in direct violation of Plaintiffs' rights*** under Title VII, 42 U.S.C. § 1983, their Fourteenth Amendment rights to be free from unlawful discrimination, and their Fourth Amendment rights to be free from unreasonable search and seizure and Defendants knew or should have known that Plaintiffs were persons covered by the protections provided there-under, but ***purposely*** and in violation of their constitutional and statutory rights engaged in the illegal conduct outlined above." (Complaint ¶ 112). As such, Plaintiffs' clearly allege that Defendant Sheriff Theodore Jackson created a custom or policy and acted with deliberate indifference in violating Plaintiff's constitutional rights. Thus, Defendant Sheriff Jackson can be held liable under Section 1983 under supervisory liability.

## VI.   CONCLUSION

For the reasons stated herein, Defendants' Partial Motion to Dismiss should be DENIED.

Respectfully submitted this 9th day of March 2017.

*/s/ Juanita F. Devlin*
JUANITA F. DEVLIN
Ga. Bar No. 426055
MARVIN A. DEVLIN

Ga. Bar No. 219969

**Marvin A. Devlin P.C.**
Attorney at Law
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238
Tel: 404-538-6925
Fax: 404-537-3115
E-Mail: mad@marvindevlin.com

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND,<br>RITA GETTIS, KRISTI MAYO,<br>DEONICA JONES, BELINDA ZACHARY,<br> and TRACEY GENERAL<br><br>     Plaintiffs,<br><br>v.<br><br>FULTON COUNTY, SHERIFF<br>THEODORE JACKSON in his Official capacity<br>as the Fulton County Sheriff, and John Does 1 & 2,<br>individually and in their official capacities<br>as employees of the Fulton County Sheriffs<br>department and Fulton County.<br><br>     Defendants. | Civil Action File No.:<br>1:16-cv-03461-ELR-CMS |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, a copy of **PLAINTIFFS'**

**RESPONSE IN OPPOSITION TO DEFENDANTS' PARTIAL MOTION TO**

**DISMISS**  was electronically filed using Times New Roman 14 point type in

accordance with Local Rule 5.1 B with the Clerk of Court using the CM/ECF

system which will automatically send e-mail notification of such filing to all

attorneys of record.

This 9th day of March 2017.

/s/ Juanita F. Devlin
JUANITA F. DEVLIN
Ga. Bar No. 426055
MARVIN A. DEVLIN
Ga. Bar No. 219969

**Marvin A. Devlin P.C.**
Attorney at Law
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238
Tel: 404-538-6925
Fax: 404-537-3115
E-Mail: mad@marvindevlin.com

# Exhibit "A"

## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| **JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL** | |
| Plaintiffs, | **Civil Action File No.:** _____ |
| v. | |
| **FULTON COUNTY, SHERIFF THEODORE JACKSON, Individually and in his Official capacity as the Fulton County Sheriff, and John Does 1 & 2, individually and in their official capacities as employees of the Fulton County Sheriffs department and Fulton County.** | |
| Defendants. | |

## COMPLAINT FOR DAMAGES

COMES NOW, Jennifer Stephens, Fayth Bond, Rita Gettis, Kristi Mayo, Deonica Jones, Belinda Zackary, and Tracey General, Plaintiffs in the above-styled matter, by and through the undersigned counsel of record, and hereby file their Complaint for Damages pursuant to Title VII and Section 1983, and pursuant to state law, and shows this honorable Court as follows:

## JURISDICTION AND VENUE

1.

This Court has jurisdiction over Plaintiffs' claims pursuant to 28 U.S.C. §§ 1331 and 1343, in that this action arises under the laws of the United States to recover damages pursuant to acts of Congress, which provide for the protection of civil rights.

2.

This Court has jurisdiction over Plaintiff's state law claims pursuant to 28 U.S.C. § 1367, in that these state law claims are so related to the federal claims in the instant action filed within this Court's original jurisdiction that they form part of the same case or controversy.

3.

Venue is proper in this district and division pursuant to 28 U.S.C. § 1391(b), in that all Defendants reside within the Northern District of Georgia and a substantial part of the events giving rise to this cause of action occurred within the Northern District of Georgia.

4.

All conditions precedent to jurisdiction under Title VII have occurred or have been complied with; specifically, Plaintiffs filed timely charges of discrimination with the Equal Employment Opportunity Commission ("EEOC"),

and Plaintiffs have brought suit within ninety (90) days of receipt of the Notice of the Right to Sue. (See Notices of Right to Sue attached hereto as exhibit "A")

## THE PARTIES

5.

Plaintiffs incorporate paragraphs 1 through 4 of this Complaint for Damages as fully set forth herein.

6.

Plaintiff Jennifer L. Stephens, (hereinafter, "Ms. Stephens" or "Plaintiff") resides at 2167 Crestwood Drive, Conyers, GA 30314 and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

7.

Plaintiff Fayth Bond, (hereinafter, "Ms. Bond" or "Plaintiff") resides at 118 Clark Drive, Ellenwood, GA 30294, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

8.

Plaintiff Rita R. Gettis, (hereinafter, "Ms. Gettis" or "Plaintiff") resides at 3094 Parc Lorraine Circle, Lithonia, GA 30038, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

-3-

9.

Plaintiff Kristi Mayo, (hereinafter, "Ms. Mayo" or "Plaintiff") resides at 1448 Sherrie Lane, Atlanta, GA 30331-6812 and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

10.

Plaintiff Deonica Jones, (hereinafter, "Ms. Jones" or "Plaintiff") resides at 2150 Olmadison View, Atlanta, GA 30349, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

11.

Plaintiff Belinda Zackary, (hereinafter, "Ms. Zackary" or "Plaintiff") resides at 1458 Eason St. NW, Atlanta, GA 30314 and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

12.

Plaintiff Tracey General, (hereinafter, "Ms. General" or "Plaintiff") resides at 4638 Greenbriar Trail, Atlanta, GA 30331, and for purposes of the instant action, subjects herself to the jurisdiction and venue of this Court.

13.

At all times relevant to this action and for all purposes, Plaintiffs were employees of the Fulton County Sheriff working in the Fulton County Sheriff's

Department, Fulton County, Georgia, and, were and are also employees of Fulton County Georgia.

15.

Defendant Fulton County, Georgia is a political subdivision of the State of Georgia and is subject to the jurisdiction of this honorable Court. Fulton County may be served with a copy of this Complaint and process by serving the Chairman of the Fulton County Board of Commissioners, John H. Eaves, at his business address of 141 Pryor Street, S.W., Suite 10019, Atlanta, Georgia 30303.

16.

Defendant Fulton County Sheriff Theodore Jackson is subject to the jurisdiction and venue of this honorable Court and may be served with a copy of this Complaint and process through the Fulton County Sheriff's Department, Fulton County Justice Center Tower, 9th Floor, 185 Central Avenue, S.W., Atlanta, Georgia 30303.

17.

Defendant Fulton County Sheriff Theodore Jackson in his capacity as Fulton County Sheriff is a "department head" and "appointed authority". As such, he is the highest-level policy maker and decision-maker within the Fulton County Sheriff's office. Defendant Jackson is sued both individually and in his official

capacity as Fulton County Sheriff.

18.

Defendant Fulton County Sheriff Theodore Jackson actively participated in and/or approved the decisions and actions complained of herein, and shared, knew of, condoned, ratified, and acquiesced in unlawful discriminatory motives and illegal conduct in the underlying actions.

19.

Defendants John Doe 1 & 2 are unnamed agents, managers, and employees of the Fulton County Sheriff's Department and of the Fulton County Sheriff and of Fulton County and at all times ratified, conspired in, or in other ways participated in the discriminatory and illegal acts of Defendants Jackson and Fulton County and the Fulton County Sheriff's Department.

20.

All of the conduct alleged herein occurred under color of state and local law, pursuant to the policy, custom, and usage of Fulton County, Georgia, and/or was accomplished with the approval, ratification, or condoning by Fulton County officials who possessed final policy making and decision-making authority with regard to the actions complained of herein.

## FACTUAL ALLEGATIONS

### Jennifer Stephens

21.

Plaintiffs incorporate paragraphs 1 through 20 of this Complaint for Damages as fully set forth herein.

22.

Ms. Stephens began her employment with Fulton County Sheriff's Department on or about May 4, 2005.

23.

Ms. Stephens is a civilian employee of the Fulton County Sheriff's Department.

24.

On or about August 7, 2012, Ms. Stephens, who held the position of Librarian II at the Fulton County Jail, was informed that she needed to report to the cafeteria for random drug testing.

25.

A few minutes after Ms. Stephens drank some water, an officer from the Office of Professional Standards ("OPS") ordered her to use the bathroom to urinate which Ms. Stephens attempted to do.

26.

The officer and Ms. Stephens proceeded into the women's locker room where Ms. Stephens entered each of the three stalls only to find urine on the toilet seats and floor and toilets containing urine and other matter.

27.

As ordered, Ms. Stephens entered a stall and wiped the toilet seat with tissue paper.

28.

Upon entering the stall, Ms. Stephens saw a large clear trash bag on the floor containing cups of half emptied urine and brown paper towels, some of which were spilling out onto the floor.

29.

After the officer explained the procedure, the officer took a plastic cup and made a hash mark on it explaining that Ms. Stephens was to fill the cup with urine up to the hash mark and then pour the urine from the cup into two plastic vials.

30.

When Ms. Stephens proceeded into the bathroom stall and started to close the door, the officer told her that the door must remain open.

31.

The officer watched Ms. Stephens and observed her private parts as she squatted over the toilet and attempted to urinate into the plastic cup but she could not fill the cup to the specified line.

32.

When Ms. Stephens returned the cup with urine in it to the officer, the officer stated that she did not fill the cup to the hash mark and that she needed to empty the cup of its contents and throw it away.

33.

Ms. Stephens flushed the urine in the toilet and placed the plastic container into the clear trash bag located on the floor of the women's locker room.

34.

Ms. Stephens washed her hands and the officer ordered her to return to the cafeteria to drink some more water until she had to urinate again.

35.

After approximately an hour of waiting in the cafeteria and drinking water, the officer asked her if she was ready to go to the restroom and Ms. Stephens stated that she was not.

36.

While waiting in the cafeteria, a male officer derisively commented to Ms. Stephens that she has "a good bladder."

37.

While waiting in the cafeteria, Ms. Stephens heard an officer conducting the urine sampling openly reveal private details about other employees being tested by telling other OPS officers that two of her colleagues had defecated in the process of providing urine samples and that one individual said she was on her menstrual cycle, but there was no blood in that individual's urine sample, and that one of the urine samples was not at room temperature and that the individual must have dipped her cup into the toilet, and then told that individual: "You must be dead."

38.

At this point, Ms. Stephens began to feel fearful, violated, humiliated, nauseated, and unwell.

39.

Shortly after drinking warm water at the instruction of another officer, Ms. Stephens observed members of the OPS staff running around the room stating that Tina Turner died.

-10-

40.

When, at the orders of another OPS officer, Ms. Stephens began drinking orange juice, she became light-headed, dizzy and vomited on the floor.

41.

After obtaining permission to leave, Ms. Stephens left and attempted to enter the bathroom near her office, but she vomited again before she was able to do so.

42.

As a result of her experiences during the drug test, Ms. Stephens became physically ill and was not able to sleep or eat, and experienced extreme emotional and physical distress and pain.

## Fayth Bond

43.

Plaintiffs incorporate paragraphs 1 through 42 of this Complaint for Damages as fully set forth herein.

44.

Ms. Bond began her employment with Fulton County Sheriff's Department on or about May 2007.

45.

Ms. Bond is a civilian employee of the Fulton County Sheriff's Department.

-11-

46.

On or about August 7, 2012, Ms. Bond, who held the position of Law Library Associate, at the Fulton County Sheriff's Office, was informed that she needed to report to the cafeteria for a random drug test.

47.

After approximately twenty (20) minutes of waiting Ms. Bond was escorted into the locker room where she was ordered to fill a specimen cup up to a line.

48.

When Ms. Bond went into a stall and proceeded to close the door, she was ordered to leave the door open and Ms. Bond complied assuming that the monitor would stand outside the door, but the monitor came into the stall with her.

49.

Once Ms. Bond began to pull down her pants, she questioned the monitor about standing in the stall with her.

50.

After the monitor indicated that she would be remaining in the stall, Ms. Bond paused and then told the monitor that it would be difficult for her to urinate because she did not know the monitor and due to the lack of privacy but the monitor did not respond and continued to stare at Ms. Bond.

-12-

51.

After Ms. Bond urinated in the plastic cup, she was ordered to fill two smaller cups with urine from the plastic cup, pour the remaining urine into the toilet and to not flush the toilet.

52.

Once Ms. Bond placed the specimen cups into a plastic bag, the bag was sealed and Ms. Bond inquired what to do about the used plastic cup.

53.

Ms. Bond was instructed to place the used urine specimen cup into an open trash bag lying on the floor that contained approximately 20-25 used urine specimen cups.

54.

Ms. Bond washed her hands and was told that she was free to go.

55.

Due to the grotesque and demeaning manner in which the drug test was conducted, Ms. Bond felt humiliated, and degraded and suffered a severe headache and could not fall asleep without pain medication, and as a result suffered extreme emotional and physical pain and suffering.

## Rita Gettis

56.

Plaintiffs incorporate paragraphs 1 through 55 of this Complaint for Damages as fully set forth herein.

57.

Ms. Gettis began her employment with Fulton County Sheriff's Department on or about December 5, 1990.

58.

Ms. Gettis is a civilian employee of the Fulton County Sheriff's Department.

59.

On or about August 7, 2012, Ms. Gettis, who held the position of Law Librarian at the Fulton County Sheriff's Office, was ordered to submit to a random drug test at the Fulton County Jail to be administered by female members of the OPS.

60.

Ms. Gettis was instructed to proceed to the women's locker room to submit a urine sample.

61.

Because Ms. Gettis did not have to use the restroom at that moment, she was

-14-

ordered to drink some water and told that there was some orange juice available.

62.

Ms. Gettis consumed several cups of water and a cup of coffee in an effort to speed up the urgency of urination.

63.

When Ms. Gettis was ready to use the restroom, she informed the Lieutenant and was led down from the cafeteria into the women's locker room.

64.

Once in the locker room, Ms. Gettis was handed a plastic cup and informed that the OPS officer was going to stand in the stall and watch her urinate into the plastic cup.

65.

Ms. Gettis was not able to give the required amount of urine so she returned to the cafeteria to drink some more water and a cup of tea.

66.

Once Ms. Gettis was ready to use the bathroom, she went back into the locker room and into a stall where she urinated into a plastic cup in front of a different Sherriff's Department employee, thus she was forced to urinate twice in front of two different people, causing her to feel degraded, humiliated,

-15-

embarrassed, shamed and violated.

67.

Once Ms. Gettis completed the drug testing by filling two plastic vials, she was instructed to seal the two vials and to throw the large plastic cup in which she urinated into the trash.

68.

The trash was open and exposed and contained plastic cups that were used for the collection of urine and, the locker room was soiled and unclean.

## Kristi Mayo

69.

Plaintiffs incorporate paragraphs 1 through 68 of this Complaint for Damages as fully set forth herein.

70.

Ms. Mayo began her employment with Fulton County Sheriff's Department on or about November 3, 2004.

71.

Ms. Mayo is a sworn officer of the Fulton County Sheriff's Department.

72.

On or about August 7, 2012, Ms. Mayo, who held the position of Detention

-16-

Officer at Grady Detention, was contacted by a Security Specialist and ordered that she needed to report to Administration and ask for a lieutenant from OPS.

73.

Once Ms. Mayo arrived at the Jail, she was informed that she was there for random drug testing.

74.

When Ms. Mayo was escorted to the female locker room, she immediately noticed that there was no private place for the drug testing to occur.

75.

Ms. Mayo witnessed a colleague urinate into a cup causing Ms. Mayo to feel uncomfortable and embarrassed at the sight and at the violation of the privacy of her fellow worker.

76.

A sergeant ordered Ms. Mayo to leave the door open and use the restroom in a testing cup which allowed the Sergeant and other people in the locker room to watch her urinate.

77.

Once Ms. Mayo entered the stall, she saw urine all over the toilet and floor from previous people's drug tests.

78.

Ms. Mayo brought the disgusting and unsanitary conditions to the attention of the Sergeant who got a paper towel and wiped the toilet using no cleaning supplies.

79.

The Sergeant neglected to wipe the floor or any other areas in the stall, which forced Ms. Mayo to stand in urine in order complete her drug test.

80.

Moreover, when Ms. Mayo began to use the restroom she was witnessed by the sergeant who was standing directly in front of her, a colleague who was washing her hands in a sink across from the stall, a lieutenant who was talking to the sergeant, and another colleague who walked into the restroom to be tested.

81.

Due to the manner in which the drug testing was conducted, Ms. Mayo was forced to expose her vagina to four different people causing her to feel inferior, embarrassed, shamed, humiliated and degraded.

## Deonica Jones

82.

Plaintiffs incorporate paragraphs 1 through 81 of this Complaint for

-18-

Damages as fully set forth herein.

83.

Ms. Jones began her employment with Fulton County Sheriff's Department on or about January 2008.

84.

Ms. Jones is a sworn officer of the Fulton County Sheriff's Department.

85.

On or about August 7, 2012, Ms. Jones, who held the position of Detention Officer, at the Fulton County Sheriff's Office, was ordered by administration immediately following roll call to submit urine for a random drug test.

86.

Ms. Jones was told to use a urine cup for her specimen.

87.

Ms. Jones informed the sergeant that she was currently on her menstrual cycle and asked the sergeant to step back and turn her head, but the sergeant replied "No."

88.

A sergeant watched Ms. Jones as she urinated, which caused her to feel violated, humiliated and degraded.

## Belinda Zackary

89.

Plaintiffs incorporate paragraphs 1 through 88 of this Complaint for Damages as fully set forth herein.

90.

Ms. Zackary began her employment with Fulton County Sheriff's Department on or about May 2000.

91.

Ms. Zackary is a civilian employee of the Fulton County Sheriff's Department.

92.

On or about August 7, 2012, Ms. Zackary, who held the position of Security Specialist at the Fulton County Sheriff's Office, was told to remain with a Sergeant after roll call along with several other employees.

93.

Ms. Zackary was led to an upper level and told that she was going to have a drug test.

94.

As Ms. Zackary entered the bathroom, she noticed another employee in a

-20-

bathroom stall urinating into a cup with the door wide open causing Ms. Zackary to feel shocked at seeing another employee's private parts and vagina.

95.

As Ms. Zackary proceeded into the stall she was not allowed to close the door and was watched by a sergeant standing directly across from her who could view her vagina.

96.

As. Ms. Zackary was attempting to urinate into the plastic cup, she saw another employee walk by and look directly at her; moreover, anyone and everyone who walked into the locker room was able to see her, her vagina and private parts.

97.

Once Ms. Zackary was finished, she went to the sink where she left her specimen cups and poured the urine into them and she sealed the cups in a plastic bag and dropped them into a bag outside the door.

98.

Due to the manner in which the drug testing was conducted, Ms. Zackary was forced to allow others watch her urinate into a cup causing her to feel anxious, violated, embarrassed, degraded and humiliated.

## **Tracey General**

99.

Plaintiffs incorporate paragraphs 1 through 98 of this Complaint for Damages as fully set forth herein.

100.

Ms. General began her employment with Fulton County Sheriff's Department on or about April 21, 2005.

101.

Ms. General is a certified sworn officer of the Fulton County Sheriff's Department.

102.

On or about August 7, 2012, Ms. General, who held the position of Detention Officer, at the Fulton County Sheriff's Office, was ordered that she must take a random drug test.

103.

When Ms. General reported for the random drug test, an officer from OPS followed Ms. General into the bathroom stall.

104.

When Ms. General attempted to close the door behind her, she noticed that

-22-

the OPS officer was following her into the stall and Ms. General inquired if the officer was going to watch her urinate.

105.

When the OPS officer responded that she had to watch Ms. General urinate, Ms. General felt uncomfortable having someone watch while her lower body was exposed, especially because she was menstruating at the time.

106.

While Ms. General was using the restroom, the OPS officer's eyes remained focused on Ms. General's vagina causing her to feel humiliated, stressed, and severely uncomfortable.

107.

Once Ms. General was done, she proceeded to wash her hands in the sink and observed her colleague in the stall with two examiners and Ms. General could see that her colleague's entire lower body was exposed.

108.

By the above conduct, Defendants knowingly and recklessly violated their own written directives regarding alcohol and random drug testing.

109.

These unlawful practices within the Sheriff's Department and within Fulton

-23-

County and their failure to follow their own policies and procedures with regard to drug testing caused the Plaintiffs to feel humiliated, embarrassed, violated and degraded, thus causing the injuries and damages complained of by Plaintiffs in this complaint.

## COUNT I

### 110.

Plaintiffs incorporate paragraphs 1 through 109 of this Complaint for Damages as fully set forth herein.

### 111.

Defendants, based on clearly established law, knew at the time they committed the acts described herein that such acts were unlawful, and were in direct violation of Plaintiffs' rights under Title VII, 42 U.S.C. § 1983, their Fourteenth Amendment rights to be free from unlawful discrimination, and their Fourth Amendment rights to be free from unreasonable search and seizure and Defendants knew or should have known that Plaintiffs were persons covered by the protections provided there-under, but purposely and in violation of their constitutional and statutory rights engaged in the illegal conduct outlined above.

### 112.

As a direct result of the Defendants' improper actions, Plaintiffs suffered

-24-

physical, mental, emotional and psychological harm and are entitled to compensatory damages as a result.

## COUNT II

### Violation of Title VII

113.

Plaintiffs incorporate paragraphs 1 through 112 of this Complaint for Damages as fully set forth herein.

114.

Plaintiffs were subjected to unlawful gender discrimination as they are members of a protected class (female); were qualified for their position; were subjected to an adverse employment action involving a grotesque and demeaning drug test; and their employer treated similarly situated (male) employees outside of their protected class more favorably than they were treated.

115.

As a consequence of Defendants' unlawful conduct outlined above, Plaintiffs have suffered physical, mental, psychological and emotional distress and are entitled to an award of compensatory damages.

## COUNT III

### 42 U.S.C. § 1983 Violation of Plaintiffs' Fourteenth Amendment Right to Be Free From Discrimination

-25-

116.

Plaintiffs incorporate paragraphs 1 through 115 of this Complaint for Damages as fully set forth herein.

117.

The Defendants are subject to Fourteenth Amendment as applied through 42 U.S.C. § 1983.

118.

Defendant's unlawful discrimination against Plaintiffs violated the Equal Protection Clause of the Fourteenth Amendment, thus entitling Plaintiffs to all appropriate relief provided under 42 U.S.C. § 1983.

119.

As a result of the Defendants' conduct, Plaintiffs have suffered physical, mental, emotional and psychological distress and are entitled to an award of compensatory damages.

## COUNT IV

## 42 U.S.C. § 1983 Violation of Plaintiffs' Fourth Amendment Right to be Free from Unreasonable Search and Seizure

120.

Plaintiff incorporates paragraphs 1 through 119 of this Complaint for

Damages as fully set forth herein.

121.

The Defendants are subject to Fourteenth Amendment as applied through 42
U.S.C. § 1983.

122.

As described above, Defendant's conduct violated Plaintiffs' Fourth and
Fourteenth Amendment rights, thus entitling Plaintiffs to all appropriate relief
provided under 42 U.S.C. § 1983.

123.

As a result of the Defendants' conduct, Plaintiffs have suffered mental,
emotional and psychological distress and are entitled to an award of compensatory
damages.

## COUNT V

### State Law: Intentional Infliction of Emotional Distress

124.

Plaintiffs incorporate paragraphs 1 through 123 of this Complaint for
Damages as fully set forth herein.

125.

As outlined above, Defendants engaged in intentional and reckless conduct,

which was extreme and outrageous causing Plaintiffs severe emotional distress.

126.

As a result of the Defendant's unlawful conduct outlined above, Plaintiffs

have suffered physical, mental, emotional and psychological distress and are

entitled to an award of compensatory damages.

## COUNT VI

### State Law: False Imprisonment

127.

Plaintiffs incorporate paragraphs 1 through 127 of this Complaint for

Damages as fully set forth herein.

128.

As described above, Plaintiffs were unlawfully detained during the drug test

and deprived of their personal liberty against their will.

129.

As a result of the Defendants' unlawful conduct outlined above, Plaintiffs

have suffered physical, mental, emotional and psychological distress and are

entitled to an award of compensatory damages.

## COUNT VII

### State Law: Negligent Training and Failure to Train

130.

Plaintiffs incorporate paragraphs 1 through 129 of this Complaint for Damages as fully set forth herein.

131.

Defendants were negligent in that they had a duty to train their employees on how to conduct a legal and constitutional drug test yet they failed to properly perform that duty and such failure caused the Plaintiffs' damages.

132.

Moreover, Defendants demonstrated a failure to train government officials in an area where there is an obvious need to train in order to avoid officials and employees violating citizens' constitutional rights.

133.

As a result of the Defendants' unlawful conduct outlined above, Plaintiffs have suffered physical, mental, emotional and psychological distress and are entitled to an award of compensatory damages.

## COUNT VIII

## Attorney's Fees and Expenses of Litigation

134.

Plaintiffs incorporate paragraphs 1 through 133 of this Complaint for

Damages as fully set forth herein.

135.

Pursuant to Title VII and 42 U.S.C. § 1983 Plaintiffs accordingly seek all attorney's fees and expenses of litigation subject to the statutes.

## COUNT IX

### Demand For Jury Trial

136.

Plaintiffs incorporate paragraphs 1 through 136 of this Complaint for Damages as fully set forth herein.

137.

Pursuant to Rule 38(d) of Federal Rules of Civil Procedure, Plaintiffs hereby demand a trial by jury as to all issues in this matter. Therefore, Plaintiffs pray for the following relief:

- (a) That service of process be issued;
- (b) An award of actual and compensatory damages in an amount to be proven at trial;
- (c) An award of litigation expenses and costs, including attorney's fees;
- (d) Trial by jury; and

(e)     Such other and further relief as the Court deems just and proper.

Respectfully submitted this ____6____ day of May 2013.

By:_____

MARVIN A. DEVLIN

Ga. Bar No. 219969

**Marvin A. Devlin P.C.**
Attorney at Law
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238
Tel: 404-538-6925
Fax: 404-537-3115
E-Mail: mad@marvindevlin.com

-31-

## CERTIFICATE OF COMPLIANCE

I hereby certify that this document was prepared according to Local Rules

using 14 point, Times New Roman font pursuant to LR 5.1B.

By: _____
MARVIN A. DEVLIN
Ga. Bar No. 219969

Marvin A. Devlin P.C.
Attorney at Law
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238
Tel: 404-538-6925
Fax: 404-537-3115
E-Mail: mad@marvindevlin.com

EXHIBIT "A"

EEOC Form 161 (11/09)   **U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Jennifer Stephens<br>2167 Crest Wood Dr<br>Conyers, GA 30094 | From: Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-02114 | Ananda L. Harris,<br>Investigator | (404) 562-6849 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

- NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

FEB 0 5 2013

Enclosures(s)

Bernice Williams-Kimbrough,
**District Director**

(Date Mailed)

cc Ann Harris
**Acting Director**
FULTON COUNTY GOVERNMENT
OCEEODA
141 Pryor Street - 5th Floor, Suite 5042
Atlanta, GA 30303

Opt-Out: +

EEOC Form 161 (11/09)

**U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION**

## DISMISSAL AND NOTICE OF RIGHTS

| To: Fayth Bond<br>118 Clark Drive<br>Ellenwood, GA 30294 | From: Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-01783 | Samantha Y. McKinney,<br>Investigator | (404) 562-6867 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other *(briefly state)*

### - NOTICE OF SUIT RIGHTS -
*(See the additional information attached to this form.)*

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

Bernice Williams-Kimbrough,
**District Director**

FEB 0 7 2013
*(Date Mailed)*

Enclosures(s)

cc:
Ann Thomas
**Acting Director**
FULTON COUNTY OFFICE OF EEO AND DISABILITY
AFFAIRS
141 Pryor Street
5th Floor, Suite 5042

Marvin Devlin
6595 Roswell Road
Suite 765
Atlanta, GA 30328

## DISMISSAL AND NOTICE OF RIGHTS

| | |
|---|---|
| To: Rita R. Gettis<br>3094 Parc Lorraine Cir<br>Lithonia, GA 30038 | From: Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |

☐ On behalf of person(s) aggrieved whose identity is
CONFIDENTIAL (29 CFR §1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-01925 | Jose F. Quinones,<br>Investigator | (404) 562-6830 |

**THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:**

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

---

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit must be filed WITHIN 90 DAYS of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

FEB 1 3 2013

Enclosures(s)

Bernice Williams-Kimbrough,
District Director

(Date Mailed)

cc: Ann Harris
Acting Director
FULTON COUNTY OFFICE OF EEO AND DISABILITY
AFFAIRS
141 Pryor Street
5th Floor, Suite 5042
Atlanta, GA 30303

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Kristi Mayo<br>1448 Sherrie Lane<br>Atlanta, GA 30331 | From: Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) |  |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-01990 | Samantha Y. McKinney,<br>Investigator | (404) 562-6867 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

FEB 0 7 2013

Enclosures(s)

Bernice Williams-Kimbrough,
District Director

(Date Mailed)

cc:
Ann Harris
Acting Director
FULTON COUNTY OFFICE OF EEO AND DISABILITY
AFFAIRS
141 Pryor Street
5th Floor, Suite 5042
Atlanta, GA 30303

Marvin Devlin
6595 Roswell Road
Suite 765
Atlanta, GA 30328

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Ms. Deonica M. Jones<br>2150 Olmadison View<br>Atlanta, GA 30349 | From: | Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|---|---|

| | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-01743 | Lucille Greene,<br>Investigator | (404) 562-6861 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

FEB 1 3 2013

Enclosures(s)

Bernice Williams-Kimbrough,
District Director

(Date Mailed)

cc
Jerry Reynolds
Human Resources Manager
FULTON COUNTY SHERIFF'S OFFICE
185 Central Avenue, SW
9th Floor
Atlanta, GA 30303

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Belinda S. Zackary<br>1458 Eason Street, N.W.<br>Atlanta, GA 30314 | From: Atlanta District Office<br>100 Alabama Street, S.W.<br>Suite 4R30<br>Atlanta, GA 30303 |
|---|---|

|  | On behalf of person(s) aggrieved whose identity is<br>CONFIDENTIAL (29 CFR §1601.7(a)) | |

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-02008 | Samantha Y. McKinney,<br>Investigator | (404) 562-6867 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[  ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[  ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[  ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[  ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[  ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[  ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

FEB 07 2013

Enclosures(s)

**Bernice Williams-Kimbrough,**
**District Director**

(Date Mailed)

cc:
| Ann Thomas<br>Acting Director<br>FULTON COUNTY OFFICE OF EEO AND DISABILITY<br>AFFAIRS<br>141 Pryor Street<br>5th Floor, Suite 5042<br>Atlanta, GA 30303 | Marvin Devlin<br>6595 Roswell Road<br>Suite 765<br>Atlanta, GA 30328 |
|---|---|

EEOC Form 161 (11/09)

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION

## DISMISSAL AND NOTICE OF RIGHTS

| To: Tracey General 4638 Greenbriar Trail Atlanta, GA 30331 | From: Atlanta District Office 100 Alabama Street, S.W. Suite 4R30 Atlanta, GA 30303 |
|---|---|

| | On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR §1601.7(a)) | |
|---|---|---|

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 410-2013-02004 | Samantha Y. McKinney, Investigator | (404) 562-6867 |

### THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

[ ] The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

[ ] Your allegations did not involve a disability as defined by the Americans With Disabilities Act.

[ ] The Respondent employs less than the required number of employees or is not otherwise covered by the statutes.

[ ] Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge

[X] The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

[ ] The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

[ ] Other (briefly state)

### - NOTICE OF SUIT RIGHTS -

(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, the Genetic Information Nondiscrimination Act, or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice**; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a claim under state law may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that **backpay due for any violations that occurred more than 2 years (3 years)** before you file suit may not be collectible.

On behalf of the Commission

FEB 0 7 2013

Enclosures(s)

**Bernice Williams-Kimbrough,**
**District Director**

(Date Mailed)

cc: Ann Thomas
Acting Director
FULTON COUNTY OFFICE OF EEO AND DISABILITY
AFFAIRS
141 Pryor Street
5th Floor, Suite 5042
Atlanta, GA 30303

Marvin Delvin
6595 Roswell Road
Suite 765
Atlanta, GA 30328