## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>FULTON COUNTY and SHERIFF THEODORE JACKSON in his Official Capacity as the Fulton County Sheriff,<br><br>Defendants. | CIVIL ACTION FILE NO. 1:16-cv-03461-RWS-JKL |

## ANSWER

COME NOW Defendants Fulton County, Georgia, and Sheriff Theodore Jackson in his official capacity as Sheriff of Fulton County, Georgia,[1] and hereby file this Answer to Plaintiffs' Complaint as follows:

---

[1] Pursuant to the Court's Order of August 2, 2017, all Defendants have been dismissed except Fulton County, Georgia and Sheriff Theodore Jackson in his official capacity as Sheriff of Fulton County, Georgia.

1

### FIRST DEFENSE

Plaintiffs' claims are barred, in whole or in part, by their failure to state a claim upon which relief can be granted.

### SECOND DEFENSE

Plaintiffs' claims against Defendants are barred by the doctrine of laches.

### THIRD DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by the running of the applicable statute of limitations.

### FOURTH DEFENSE

Plaintiffs' claims against Defendants are barred, in whole or in part, by Plaintiffs' failure to mitigate their damages.

### FIFTH DEFENSE

Plaintiffs' claims are barred by the doctrine(s) of consent, waiver, estoppel, unjust enrichment, payment, failure of consideration, unclean hands, after-acquired evidence and/or justification.

### SIXTH DEFENSE

Plaintiffs' claims are barred in whole or in part because Plaintiffs cannot establish discrimination that would support liability under 42 U.S.C. § 1983.

**SEVENTH DEFENSE**

Plaintiffs' claims are barred, in whole or in part, because Defendant Jackson possessed legitimate, nondiscriminatory reasons for the actions set forth in the Complaint.

**EIGHTH DEFENSE**

Defendants deny that any alleged act or omission of Defendants either proximately caused or contributed to or would make them liable in any way to Plaintiffs for any cause of action or damages Plaintiffs allege they may have suffered.

**NINTH DEFENSE**

Defendants are not liable to the Plaintiffs because Defendants have not breached any official duty, any court duty, or order compelling them to act, or any United States constitutionally created duty compelling them to act with regard to the occurrences giving rise to Plaintiffs' Complaint.

**TENTH DEFENSE**

Plaintiffs' claims are barred because Plaintiffs failed to satisfy all conditions precedent and/or statutory prerequisites for asserting or maintaining their claims.

## ELEVENTH DEFENSE

Plaintiffs are not entitled to any relief against Defendants.

## TWELFTH DEFENSE

At all times relevant hereto, Defendants exercised reasonable care to prevent and correct promptly allegedly unlawful discriminatory behavior, if any.

## THIRTEENTH DEFENSE

To the extent as may be shown by the evidence, Defendants assert all defenses available to them under Rule 8 of the Federal Rules of Civil Procedure.

## FOURTEENTH DEFENSE

Plaintiffs cannot establish evidence of a custom, pattern, policy or practice that would establish liability.

## FIFTEENTH DEFENSE

Defendants, in their official capacity, are not persons with respect to claims made under 42 U.S.C. § 1983 and, as such, Plaintiffs' 42 U.S.C. § 1983 claims are thereby barred.

## SIXTEENTH DEFENSE

Defendants were not deliberately indifferent to Plaintiffs' constitutional rights.

## SEVENTEENTH DEFENSE

No policy or custom instituted by any Defendant violated Plaintiff's constitutional rights.

## EIGHTEENTH DEFENSE

Defendants were not aware of or responsible for any deviation from approved policy which may have violated any of Plaintiffs' constitutional rights.

## NINETEENTH DEFENSE

Fulton County does not have authority or responsibility over any governmental functions at issue in this case.

## TWENTIETH DEFENSE

Fulton County is not a final policymaking authority with regard to any challenged policy or custom in this case.

## TWENTY-FIRST DEFENSE

Plaintiffs' claims are barred because Defendants are entitled to sovereign immunity.

## TWENTY-SECOND DEFENSE

Defendants expressly deny any allegation not specifically admitted, denied or as to which Defendants do not have sufficient knowledge or information to form

a belief as to the truth of the allegations.  Further, in response to Plaintiffs' prayers for relief, Defendants deny that Plaintiffs are entitled to the relief sought in their Complaint.

Subject to and without waiving the foregoing defenses, Defendants now respond to the individually numbered paragraphs of Plaintiffs' Complaint as follows:

## JURISDICTION AND VENUE

1.

Defendants admit that Plaintiffs have brought an action against them to recover for alleged injuries and damages.  Defendants deny that they are liable for any alleged injuries and/or damages.  Defendants further deny that they have violated any federal or state law. The remaining allegations of Paragraph 1 of Plaintiffs' Complaint contain legal arguments as to the nature of the claims stated; as such, no admission or denial is required. To the extent that a further response is required, Defendants deny Paragraph 1.

2.

Denied.

3.

Denied. This case was originally brought in the Superior Court of Fulton County but was properly removed and is subject to the jurisdiction of the United States District Court as it is an action arising under the laws of the United States to recover damages pursuant to acts of Congress.

4.

Denied. This case was originally brought in the Superior Court of Fulton County but was properly removed and venue for this action lies in the United States District Court for the Northern District of Georgia, Atlanta Division, as it is an action arising under the laws of the United States to recover damages pursuant to acts of Congress for events allegedly arising in this district by parties who can be found within this district.

5.

Denied.

**THE PARTIES**

6.

To the extent a response is required to Paragraph 6 of Plaintiff's Complaint,

Defendants respond and incorporate each and every response and defense contained above.

7.

Defendants admit that Fulton County is a political subdivision of the State of Georgia.  The remaining allegations of Paragraph 7 of Plaintiffs' Complaint are denied.

8.

Admitted.

9.

Defendants admit that Sheriff Jackson may be served with a copy of this Complaint and process at the Fulton County Sheriff's Office, Fulton County Justice Center Tower, 9th Floor, 185 Central Avenue, S.W., Atlanta, Georgia 30303.  The remaining allegations of Paragraph 9 of Plaintiffs' Complaint are denied.

10.

Denied.

11.

Denied.

12.

Denied.

13.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 13 of the Complaint, and therefore, such allegations are denied.

14.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 14 of the Complaint, and therefore, such allegations are denied.

15.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 15 of the Complaint, and therefore, such allegations are denied.

16.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 16 of the Complaint, and therefore, such allegations are denied.

17.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 17 of the Complaint, and therefore, such allegations are denied.

18.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 18 of the Complaint, and therefore, such allegations are denied.

19.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 of the Complaint, and therefore, such allegations are denied.

20.

Defendants admit that Plaintiffs were employees of the Sheriff's Office but deny that any Defendant was an employee of Defendant Fulton County.  All other allegations not specifically admitted are denied.

21.

Denied.

## FACTUAL ALLEGATIONS

### Jennifer Stephens

22.

To the extent a response is required to Paragraph 22 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

23.

Admitted.

24.

Admitted.

25.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 of the Complaint, and therefore, such allegations are denied.

26.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 on the Complaint, and therefore, such allegations are denied.

27.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 27 of the Complaint, and therefore, such allegations are denied.

28.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 28 of the Complaint, and therefore, such allegations are denied.

29.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 29 of the Complaint, and therefore, such allegations are denied.

30.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 30 of the Complaint, and therefore, such allegations are denied.

31.

Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 31 of the Complaint, and therefore, such allegations are denied.

32.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 of the Complaint, and therefore, such allegations are denied.

33.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 33 of the Complaint, and therefore, such allegations are denied.

34.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 34 of the Complaint, and therefore, such allegations are denied.

35.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 35 of the Complaint, and therefore, such allegations are denied.

36.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 36 of the Complaint, and therefore, such allegations are denied.

37.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 37 of the Complaint, and therefore, such allegations are denied.

38.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 of the Complaint, and therefore, such allegations are denied.

39.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 of the Complaint, and therefore, such allegations are denied.

40.

Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 40 of the Complaint, and therefore, such allegations are denied.

41.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 of the Complaint, and therefore, such allegations are denied.

42.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 of the Complaint, and therefore, such allegations are denied.

43.

Denied.

**Fayth Bond**

44.

To the extent a response is required to Paragraph 44 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

45.

Admitted.

46.

Admitted.

47.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 47 of the Complaint, and therefore, such allegations are denied.

48.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 48 of the Complaint, and therefore, such allegations are denied.

49.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 49 of the Complaint, and therefore, such allegations are denied.

50.

Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 50 of the Complaint, and therefore, such allegations are denied.

51.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 51 of the Complaint, and therefore, such allegations are denied.

52.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 52 of the Complaint, and therefore, such allegations are denied.

53.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 53 of the Complaint, and therefore, such allegations are denied.

54.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 54 of the Complaint, and therefore, such allegations are denied.

55.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 55 of the Complaint, and therefore, such allegations are denied.

56.

Denied.

## **Rita Gettis**

57.

To the extent a response is required to Paragraph 57 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

58.

Admitted.

59.

Admitted.

60.

Defendants admit that Rita Gettis held the position of Librarian at the Fulton County Sheriff's Office. As to the remaining allegations, Defendants are without

knowledge or information sufficient to form a belief as to the truth of the allegations not specifically admitted, and therefore, such allegations are denied.

61.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 61 of the Complaint, and therefore, such allegations are denied.

62.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 62 of the Complaint, and therefore, such allegations are denied.

63.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 63 of the Complaint, and therefore, such allegations are denied.

64.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 of the Complaint, and therefore, such allegations are denied.

65.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 of the Complaint, and therefore, such allegations are denied.

66.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 66 of the Complaint, and therefore, such allegations are denied.

67.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 67 of the Complaint, and therefore, such allegations are denied.

68.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 68 of the Complaint, and therefore, such allegations are denied.

69.

Denied.

## **Kristi Mayo**

70.

To the extent a response is required to Paragraph 70 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

71.

Admitted.

72.

Admitted.

73.

Defendants admit the Kristi Mayo held the position of Detention Officer. As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations not specifically admitted, and therefore, such allegations are denied.

74.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 of the Complaint, and therefore, such allegations are denied.

75.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 of the Complaint, and therefore, such allegations are denied.

76.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 of the Complaint, and therefore, such allegations are denied.

77.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 of the Complaint, and therefore, such allegations are denied.

78.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 of the Complaint, and therefore, such allegations are denied.

79.

Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 79 of the Complaint, and therefore, such allegations are denied.

80.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 of the Complaint, and therefore, such allegations are denied.

81.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 of the Complaint, and therefore, such allegations are denied.

82.

Denied.

## **Deonica Jones**

83.

To the extent a response is required to Paragraph 83 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

84.

Admitted.

85.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 of the Complaint, and therefore, such allegations are denied.

86.

Defendants admit that Deonica Jones held the position of Detention Officer at the Fulton County Sheriff's Office.  As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations not specifically admitted, and therefore, such allegations are denied.

87.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 of the Complaint, and therefore, such allegations are denied.

88.

Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 88 of the Complaint, and therefore, such allegations are denied.

89.

Denied.

**<u>Belinda Zachary</u>**

90.

To the extent a response is required to Paragraph 90 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

91.

Admitted.

92.

Admitted.

93.

Defendants admit Belinda Zackary held the position of Security Specialist. As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations not specifically admitted, and therefore, such allegations are denied.

94.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 of the Complaint, and therefore, such allegations are denied.

95.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 of the Complaint, and therefore, such allegations are denied.

96.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 of the Complaint, and therefore, such allegations are denied.

97.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 of the Complaint, and therefore, such allegations are denied.

98.

Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 98 of the Complaint, and therefore, such allegations are denied.

99.

Denied.

**<u>Tracey General</u>**

100.

To the extent a response is required to Paragraph 100 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

101.

Admitted.

102.

Admitted.

103.

Defendants admit the Tracey General held the position of Detention Officer at the Fulton County Sheriff's Office.  As to the remaining allegations, Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations not specifically admitted, and therefore, such allegations are denied.

27

104.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 104 of the Complaint, and therefore, such allegations are denied.

105.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 105 of the Complaint, and therefore, such allegations are denied.

106.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 106 of the Complaint, and therefore, such allegations are denied.

107.

Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 of the Complaint, and therefore, such allegations are denied.

108.

Defendants are without knowledge or information sufficient to form a belief

as to the truth of the allegations contained in Paragraph 108 of the Complaint, and therefore, such allegations are denied.

109.

Denied.

110.

Denied

## COUNT I[2]

111.

To the extent a response is required to Paragraph 111 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

112.

Denied.

113.

Denied.

---

[2] Pursuant to the Court's Order of August 2, 2017, all claims except Count III and Count IV of Plaintiffs' Complaint have been dismissed.

29

## COUNT II

## Violation of Title VII

### 114.

To the extent a response is required to Paragraph 114 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

### 115.

Denied.

### 116.

Denied.

## COUNT III

## 42 U.S.C. § 1983 Violation of Plaintiffs' Fourteenth Amendment Right to Be Free From Discrimination

### 117.

To the extent a response is required to Paragraph 117 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

118.

Defendants state that the allegation contained in Paragraph 118 of Plaintiffs' Complaint is a legal conclusion for which no admission or denial is required.  To the extent such allegation is deemed to be a statement of fact, the allegation contained in Paragraph 118 of Plaintiffs' Complaint is denied.

119.

Denied.

120.

Denied.

## COUNT IV

### 42 U.S.C. § 1983 Violation of the Plaintiffs' Fourth Amendment Right to be Free from Unreasonable Search and Seizure

121.

To the extent a response is required to Paragraph 121 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

122.

Defendants state that the allegation contained in Paragraph 122 of Plaintiffs'

Complaint is a legal conclusion for which no admission or denial is required.  To the extent such statement is deemed to be and allegation of fact, the allegation contained in Paragraph 122 of Plaintiffs' Complaint is denied.

123.

Denied.

124.

Denied.

**COUNT V**

**Violation of Ga. Const. Art. I, § I, Para. XIII**

125.

To the extent a response is required to Paragraph 125 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

126.

Defendants state that the allegations contained in Paragraph 126 of Plaintiffs' Complaint are legal conclusions for which no admission or denial is required.  To the extent such statements are deemed to be allegations of fact, the allegations are denied.

32

127.

Denied.

128.

Denied.

## COUNT VI

## Invasion of Privacy-Intrusion Upon Seclusion

129.

To the extent a response is required to Paragraph 129 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

130.

Defendants state that the allegations contained in Paragraph 130 of Plaintiffs' Complaint are legal conclusions for which no admission or denial is required. To the extent such statements are deemed to be allegations of fact, the allegations are denied.

131.

Defendants state that the allegations contained in Paragraph 131 of Plaintiffs' Complaint are legal conclusions for which no admission or denial is

required.  To the extent such statements are deemed to be allegations of fact, the allegations are denied.

132.

Denied.

133.

Denied.

134.

Denied.

## COUNT VII

## Negligence Per Se

135.

To the extent a response is required to Paragraph 135 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

136.

Denied.

137.

Defendants state that the allegations contained in Paragraph 137 of Plaintiffs' Complaint are legal conclusions for which no admission or denial is required.  To the extent such statements are deemed to be allegations of fact, the allegations are denied.

138.

Denied.

139.

Denied.

140.

Denied.

## **COUNT VIII**

## **Intentional Infliction of Emotional Distress**

141.

To the extent a response is required to Paragraph 141 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

142.

Denied.

143.

Denied.

## **COUNT IX**

## **False Imprisonment**

144.

To the extent a response is required to Paragraph 144 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

145.

Denied.

146.

Denied.

## COUNT X

## Negligent and/or Failure to Train and Supervise

147.

To the extent a response is required to Paragraph 147 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

148.

Denied.

149.

Denied.

150.

Denied.

## COUNT XI

## Attorney's Fees and Expenses of Litigation

151.

To the extent a response is required to Paragraph 151 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

152.

Defendants assert that Paragraph 152 of Plaintiffs' Complaint contains a legal conclusion and a prayer for relief to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained in Paragraph 152 of Plaintiffs' Complaint.

## COUNT XII

### Demand For Jury Trial

153.

To the extent a response is required to Paragraph 153 of Plaintiffs' Complaint, Defendants respond and incorporate each and every response and defense contained above.

154.

Defendant asserts that Paragraph 154 of Plaintiffs' Complaint contains a prayer for relief to which no response is required.  To the extent an answer is required, Defendant denies the allegations contained in Paragraph 154 of Plaintiffs' Complaint.

## PRAYER FOR RELIEF

**WHEREFORE**, Defendants pray that:

A. Plaintiffs' Complaint be dismissed in its entirety;

B. All costs, expenses of litigation and attorney's fees be paid by Plaintiffs;

C. The Court impanel a jury of twelve should this case be tried;

D. That judgment be entered in favor of Defendants; and

E. Any other relief that this court deems just and proper be granted.

Respectfully submitted, this 16th day of August, 2017.

**OFFICE OF THE FULTON COUNTY ATTORNEY**

Patrise Perkins-Hooker
County Attorney
Georgia Bar No. 572358
Patrise.Perkins-Hooker@fultoncountyga.gov

Kaye W. Burwell
Deputy County Attorney
Georgia Bar No. 775060
Kaye.Burwell@fultoncountyga.gov

_**/s/ Ashley Palmer**_
Ashley Palmer
Senior Assistant County Attorney
Georgia Bar No. 603514
Ashley.Palmer@fultoncountyga.gov

Jonathan Loegel
Assistant County Attorney
Georgia Bar No. 755706
Jonathan.Loegel@fultoncountyga.gov

141 Pryor Street, S.W.
Suite 4038
Atlanta, Georgia 30303
(404) 612-0246 (Office)
(404) 730-6324 (Facsimile)

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL, <br><br> Plaintiffs, <br><br> v. <br><br> FULTON COUNTY, and SHERIFF THEODORE JACKSON in his Official Capacity as the Fulton County Sheriff, <br><br> Defendants. | CIVIL ACTION FILE NO. 1:16-cv-03461-RWS-JKL |

## <u>CERTIFICATE OF SERVICE</u>

THIS IS TO CERTIFY that on this the 16th day of August, 2017, the undersigned counsel has presented this document in Times New Roman, 14 point type in accordance with L.R. 5.1(C) and served a copy of the foregoing **ANSWER** upon all parties of record by submitting a true and correct copy of same to the Court's CM/ECF electronic filing system identifying opposing counsel as:

Marvin A. Devlin, Esquire
Marvin A. Devlin, P.C.
6595-G Roswell Road
Suite 765

Atlanta, Georgia 30328

Juanita Free Devlin, Esquire
Marvin A. Devlin, P.C.
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30328

This 16th day of August, 2017.

*/s/ Ashley Palmer*
Ashley Palmer
Georgia Bar No. 603514
Ashley.Palmer@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 30303
404-612-0246 (office)
404-730-6324 (facsimile)