## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF GEORGIA
## ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL, | CIVIL ACTION FILE NO. 1:16-cv-03461-RWS-JKL |
| Plaintiffs, | |
| v. | |
| FULTON COUNTY and SHERIFF THEODORE JACKSON in his official capacity as the Fulton County Sheriff, | |
| Defendants. | |

## JOINT PRELIMINARY REPORT AND DISCOVERY PLAN

1.   **Description of the Case:**

   (a)   Describe briefly the nature of this action.

   **Plaintiffs' Statement of the Case:**

   *This action involves the discrimination and the mistreatment of the Plaintiffs by the Fulton County Sheriff's Department in violation of 42 U.S.C. § 1983. On or about August 7, 2012, Plaintiffs were subjected to an unconstitutional and improper drug test. Defendants' violated Plaintiffs' Fourteenth Amendment rights to be free from unreasonable search and seizure.*

*The original action involving the same facts and circumstances of this case was initially filed on May 4, 2014. Discovery was conducted and Defendants filed a Motion for Summary Judgment on August 31, 2015. Plaintiffs' responded with a Voluntary Motion to Dismiss the case because the United States District Court did not have jurisdiction over the § 1983 claim. Over the Defendants' objection, the Magistrate Judge dismissed the claim without prejudice and on March 1, 2016, District Judge Story adopted the Report and Recommendation and dismissed the claim.*

*Following Defendants Motion to Dismiss the re-filed action, the only claim remaining is Plaintiffs' §1983 claim against Defendants Fulton County and Sheriff Theodore Jackson. "[T]o impose § 1983 liability on a [county], a plaintiff must show: (1) that his constitutional rights were violated; (2)that the municipality had a custom or policy that constituted deliberate indifference to that constitutional right; and (3) that the policy or custom caused the violation." McDowell v. Brown, 392 F.3d 1283, 1289 (11th Cir. 2004). Defendants have failed to train and supervise his employees on how to conduct legal drug tests, and this failure created a custom and policy that caused Defendants' employees to conduct an improper and unconstitutional drug test which violated Plaintiffs' clearly established constitutional rights.*

2

*Plaintiffs are seeking actual and compensatory damages against Defendant, damages for pain and suffering, costs and expenses, attorney's fees and any other damages deemed just and proper.*

**Defendants' Statement of the Case:**

*This is a civil action brought by Plaintiffs relating to drug testing conducted on or about August 7, 2012. Following a motion to dismiss, Plaintiffs contend that Defendant Fulton County, Georgia, and Defendant Theodore Jackson, in his official capacity as Sheriff of Fulton County, Georgia, violated Plaintiffs' constitutional rights in a claim brought pursuant to 42 U.S.C § 1983. Specifically, Plaintiffs allege that Defendants violated the Equal Protection Clause of the Fourteenth Amendment in violation of 42 U.S.C. § 1983. Additionally, Plaintiffs assert that the Defendants violated their Fourth Amendment right to be free from unreasonable search and seizure in violation of 42 U.S.C. § 1983. Plaintiffs seek actual and compensatory damages, expenses and costs of litigation, including reasonable attorneys' fees.*

*Defendants deny that they are liable to Plaintiffs. Specifically, Defendant Fulton County denies that it is responsible for any of the actions alleged in the Complaint as it is not a "person" as required by 42 U.S.C. § 1983; it is not responsible for the actions of any other actors; it did not treat any of the Plaintiffs*

3

*differently on the basis of their gender; and the drug tests in question did not amount to an unconstitutional search in violation of the Fourth and Fourteenth Amendment. Sheriff Jackson in his official capacity contends that he is not a "person" as required by 42 U.S.C. § 1983; he is not responsible for the actions of any other actors; he did not treat any of the Plaintiffs differently on the basis of their gender; and the drug tests in question did not amount to an unconstitutional search in violation of the Fourth and Fourteenth Amendment.*

*Defendants reserve the right to add additional legal and factual theories relating to the defense of this litigation as they become available.*

(b)     Summarize, in the space provided below, the facts of this case. The summary should not be argumentative nor recite the evidence.

**Plaintiffs' Summary of the Case:**

*Jennifer Stephens, Fayth Bond, Rita Gettis, Kristi Mayo, Deonica Jones, Belinda Zachary, and Tracey General were subjected to a demeaning drug testing process, which involved each of them being forced to provide urine samples while being observed by employees of the Fulton County Sheriff's Office. Specifically, during this process the Plaintiffs were forced to use bathroom stalls with urine on the toilets and floor, to allow employees of the Sheriff's office to stare at their genitals while attempting to urinate into a plastic cup, and to listen to employees of*

4

*the Sheriff's office comment on their ability to urinate and other bodily functions. Ms. Stephens was so affected by this process that she became physically ill and vomited twice.*

*Not only did this drug testing violate the Defendants' own policies and procedures, it also violated 42 U.S.C. § 1983. As a result of being subjected to this improper procedure, the plaintiffs suffered severe emotional and psychological distress. Plaintiffs are seeking actual and compensatory damages, an award of litigation expenses and cost including attorney's fees, trial by jury, and such other relief as the Court deems just and proper.*

**Defendants' Summary of the Case:**

*Defendants categorically deny the allegations set forth in Plaintiffs' Complaint.  This Complaint is brought by seven (7) female employees of the Sheriff's Office who allege that each was subjected to random drug testing in a manner that violated their constitutional rights under the Fourth and Fourteenth Amendment of the Constitution, pursuant to 42 U.S.C. § 1983.*

The legal issues to be tried are as follows:

**By Plaintiffs:**

(1) *Whether Defendant is liable to Plaintiff for violating 42 USC § 1983.*

5

(2) *If Defendant is found liable to Plaintiff for any of the items listed above, to what damages are Plaintiff entitled including, but not limited actual and compensatory damages, damages for mental, psychological, and emotional distress, and attorney's fees and costs.*

Plaintiffs reserve the right to present additional legal issues to the Court for its consideration as this matter progresses.

**By Defendants:**

(1)   *Whether Defendants violated Plaintiffs' Fourth Amendment Right to be free from unreasonable search and seizure as applied through 42 U.S.C. § 1983;*

(2)   *Whether Defendants violated Plaintiffs' rights under the Equal Protection Clause of the Fourteenth Amendment as applied through 42 U.S.C. § 1983;*

(3)   *Whether Plaintiffs are entitled to recover actual and compensatory damages;*

(4)   *Whether Plaintiffs are entitled to recover reasonable attorneys' fees and other expenses of litigation; and*

(5)   *Whether Defendants are entitled to recover attorneys' fees and costs of defending this action.*

*Defendants reserve the right to present additional legal issues to the Court for its consideration as this matter progresses.*

(c)   The cases listed below (include both style and action number) are:

(1) Pending Related Cases:

**Plaintiffs' Response:**

*None.*

**Defendants' Response:**

*None.*

(2) Previously Adjudicated Related Cases:

**Plaintiffs' Response:**

*Stephens, et. al. v. Fulton County, et. al, 1:13-CV-01528-RWS-GGB (N.D.Ga. May 10, 2013).*

**Defendants' Response:**

*Stephens, et. al. v. Fulton County, et. al, 1:13-CV-01528-RWS-GGB (N.D.Ga. May 10, 2013).*

**2.   This case is complex because it possesses one (1) or more of the features listed below (please check):**

**Plaintiffs' Response:**

_____ This case is not complex.

7

___X__(1) Unusually large number of parties

_____(2)  Unusually large number of claims or defenses

_____(3)  Factual issues are exceptionally complex

_____(4)  Greater than normal volume of evidence

_____(5)  Extended discovery period is needed

_____(6)  Problems locating or preserving evidence

_____(7)  Pending parallel investigations or action by government

_____(8)  Multiple use of experts

_____(9)  Need for discovery outside United States boundaries

_____(10) Existence of highly technical issues and proof

**Defendants' Response:**

__X__   *This case is not complex.*

____(1)   *Unusually large number of parties*

____(2)   *Unusually large number of claims or defenses*

____(3)   *Factual issues are exceptionally complex*

____(4)   *Greater than normal volume of evidence*

____(5)   *Extended discovery period is needed*

_____(6)   *Problems locating or preserving evidence*

_____(7)   *Pending parallel investigations or action by government*

_____(8)  Multiple use of experts

_____(9)  Need for discovery outside United States boundaries

_____(10)Existence of highly technical issues and proof

**3.    Counsel:**

The following individually-named attorneys are hereby designated as lead

counsel for the parties:

Plaintiffs:    Marvin A. Devlin
               Juanita F. Devlin
               Marvin A. Devlin P.C.
               6595-G Roswell Road
               Suite 765
               Atlanta, Georgia 30328


Defendants: Patrise Perkins-Hooker
            Kaye W. Burwell
            Ashley Palmer
            Jonathan Loegel
            Office of the Fulton County Attorney
            141 Pryor Street S.W.
            Suite 4038
            Atlanta, Georgia 30303

**4.    Jurisdiction:**

Is there any question regarding this court's jurisdiction?

_____Yes   _X_ No

If "yes," please attach a statement, not to exceed one (1) page, explaining the jurisdictional objection. When there are multiple claims, identify and discuss separately the claim(s) on which the objection is based. Each objection should be supported by authority.

5. **Parties to This Action:**

   (a) The following persons are necessary parties who have not been joined:

   **Plaintiffs' Response:**

   *None.*

   **Defendants' Response:**

   *None.*

   (b) The following persons are improperly joined as parties:

   **Plaintiffs' Response:**

   *None*.

   **Defendants' Response:**

   *None*.

   (c) The names of the following parties are either inaccurately stated or necessary portions of their names are omitted:

   **Plaintiffs' Response:**

   *None.*

10

**Defendants' Response:**

*None.*

(d)   The parties shall have a continuing duty to inform the court of any contentions regarding unnamed parties necessary to this action or any contentions regarding misjoinder of parties or errors in the statement of a party's name.

**6.   Amendments to the Pleadings:**

Amended and supplemental pleadings must be filed in accordance with the time limitations and other provisions of Fed.R.Civ.P. 15. Further instructions regarding amendments are contained in LR 15.

(a)   List separately any amendments to the pleadings which the parties anticipate will be necessary:

*The parties do not anticipate any amendments at this time.*

(b)   Amendments to the pleadings submitted LATER THAN THIRTY (30) DAYS after the Joint Preliminary Report and Discovery Plan is filed, or should have been filed, will not be accepted for filing, unless otherwise permitted by law.

**7.   Filing Times For Motions:**

All motions should be filed as soon as possible. The local rules set specific filing limits for some motions. These times are restated below.

11

All other motions must be filed WITHIN THIRTY (30) DAYS after the beginning of discovery, unless the filing party has obtained prior permission of the court to file later. Local Rule 7.1A(2).

(a)   Motions to Compel: before the close of discovery or within the extension period allowed in some instances. Local Rule 37.1.

(b)   Summary Judgment Motions: within thirty (30) days after the close of discovery, unless otherwise permitted by court order. Local Rule 56.1.

(c)   Other Limited Motions: Refer to Local Rules 7.2A, 7.2B, and 7.2E, respectively, regarding filing limitations for motions pending on removal, emergency motions, and motions for reconsideration.

(d)   Motions Objecting to Expert Testimony: Daubert motions with regard to expert testimony no later than the date that the proposed pretrial order is submitted. Refer to Local Rule 7.2F.

## 8.   Initial Disclosures:

The parties are required to serve initial disclosures in accordance with Fed.R.Civ.P. 26. If any party objects that initial disclosures are not appropriate, state the party and basis for the party's objection. NOTE: Your initial disclosures should include electronically stored information.   Refer to Fed.R.Civ.P. 26(a)(1)(B).

*The parties have no objection to the submission of initial disclosures.*

**9.    Request for Scheduling Conference:**

Does any party request a scheduling conference with the Court? If so, please state the issues which could be addressed and the position of each party.

*The parties do not request a scheduling conference with the Court at this time.*

**10.  Discovery Period:**

The discovery period commences thirty (30) days after the appearance of the first defendant by answer to the complaint. As stated in LR 26.2A, responses to initiated discovery must be completed before expiration of the assigned discovery period.

Cases in this court are assigned to one of the following three (3) discovery tracks: (a) zero (0)-month discovery period, (b) four (4)-month discovery period, and (c) eight (8)-month discovery period. A chart showing the assignment of cases to a discovery track by filing category is contained in Appendix F. The track to which a particular case is assigned is also stamped on the complaint and service copies of the complaint at the time of filing.

Please state below the subjects on which discovery may be needed:

**Plaintiffs' Response:**

*All parties have stipulated that the discovery conducted in the prior case, <u>Stephens, et. al. v. Fulton County, et. al</u>, 1:13-CV-01528-RWS-GGB (N.D.Ga. May 10, 2013), will be incorporated into the present case.*

*However, Plaintiffs require additional discovery to identify and depose expert witnesses. Thus, Plaintiffs assert that the four-month discovery track will be needed in this case.*

**Defendants' Response:**

*All discovery in the previously adjudicated case is responsive to the issues presented in this matter. The parties have agreed to incorporate all pleadings, admissions, depositions and written discovery in the prior case into this matter. Defendants assert that no additional discovery may be necessary.*

If the parties anticipate that additional time beyond that allowed by the assigned discovery track will be needed to complete discovery or that discovery should be conducted in phases or be limited to or focused upon particular issues, please state those reasons in detail below:

**Plaintiffs' Response:**

*Plaintiffs state that no additional time beyond the four-month discovery track assigned by this Court will be needed.*

**Defendants' Response:**

*Defendants do not feel that a formal discovery period is necessary and propose moving this matter directly to summary judgment.*

## 11. Discovery Limitation and Discovery of Electronically Stored Information:

(a) What changes should be made in the limitations on discovery imposed under the Federal Rules of Civil Procedure or Local Rules of this Court, and what other limitations should be imposed.

**Plaintiffs' Response:** *None.*

**Defendants' Response:** *None.*

(b) Is any party seeking discovery of electronically stored information?

____X____ Yes _____ No

If "yes,"

(1)     The parties have discussed the sources and scope of the production of electronically stored information and have agreed to limit the scope of production (e.g., accessibility, search terms, date limitations, or key witnesses) as follows:

15

**Plaintiffs' Response:**

*Plaintiffs agree to take all reasonable and necessary measures to preserve potentially discoverable electronic information, and shall comply with its internal Personnel Records and Recordkeeping Policy. Plaintiff believes that the limitations set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court are sufficient, and at this time, no additional limitations are necessary.*

**Defendants' Response:**

*Defendants agree to take all reasonable and necessary measures to preserve potentially discoverable electronic information and shall comply with their internal Personnel Records and Recordkeeping Policy. Defendants believe that the limitations set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court are sufficient, and at this time, no additional limitations are necessary.*

(2) The parties have discussed the format for the production of electronically stored information (e.g., Tagged Image File Format (TIFF or .TIF files), Portable Document Format (PDF), or native), method of production (e.g., paper or disk), and the inclusion or exclusion and use of metadata, and have agreed as follows:

**Plaintiffs' Response:**

*Plaintiffs agree to provide electronically stored information in PDF format on a CD.  In addition, Plaintiff believes that the limitations set forth in the Federal*

16

*Rules of Civil Procedure and the Local Rules of this Court are sufficient, and at this time, no additional limitations are necessary.*

**Defendants' Response:**

*Defendants agree to provide electronically stored information in PDF format on a CD. In addition, Defendants believe that the limitations set forth in the Federal Rules of Civil Procedure and the Local Rules of this Court are sufficient, and at this time, no additional limitations are necessary.*

**12. Other Orders:**

What other orders do the parties think that the Court should enter under Rule 26(c) or under Rule 16(b) and (c)?

*None at this time.*

**13. Settlement Potential:**

(a) Lead counsel for the parties certify by their signatures below that they conducted a Rule 26(f) conference that was held on August 23, 2017, and that they participated in settlement discussions. Other persons who participated in the settlement discussions are listed according to party.

For plaintiff:      Lead counsel (signature): */s/ Marvin A. Devlin*

                             Other participants:      */s/ Juanita Devlin*

For defendant:      Lead counsel (signature): */s/ Jonathan Loegel*

Other participants:        None _____

(b)   All parties were promptly informed of all offers of settlement and following discussion by all counsel, it appears that there is now:

( X )   A possibility of settlement before discovery.

( X )   A possibility of settlement after discovery.

(____) A possibility of settlement, but a conference with the judge is needed.

(____) No possibility of settlement.

(c)   Counsel ( X ) do or (_ _) do not intend to hold additional settlement conferences among themselves prior to the close of discovery. The proposed date of the next settlement conference is to be determined by the parties upon close of discovery.

*The parties hope to engage in productive discussions regarding settlement throughout discovery.*

(d)   The following specific problems have created hindrance to settlement of this case:

*None at this time.*

## 14.  Trial by Magistrate Judge:

Note: Trial before a Magistrate Judge will be by jury trial if a party is otherwise entitled to a jury trial.

18

(a)    The parties (_____) do consent to having this case tried before a magistrate judge of this court. A completed Consent to Jurisdiction by a United States Magistrate Judge form has been submitted to the clerk of court this _____ day _____, of 20___.

(b)    The parties (__X__)do not consent to having this case tried before a Magistrate Judge of this Court.

Respectfully submitted this 1st day September, 2017.

<div style="margin-left:40%">

**OFFICE OF THE COUNTY ATTORNEY**

PATRISE PERKINS-HOOKER
COUNTY ATTORNEY
Georgia Bar No.572358

Kaye W. Burwell
Deputy County Attorney
Georgia Bar No.775060

Ashley Palmer
Georgia Bar No. 603514
Ashley.Palmer@fultoncountyga.gov

*/s/ Jonathan Loegel*
Jonathan D. Loegel
Georgia Bar No. 755706
Jonathan.Loegel@fultoncountyga.gov

</div>

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 4038

19

Atlanta, Georgia 30303
(404) 612-0246 (office)
(404) 730-6324 (facsimile)

                                         Marvin A. Devlin, Esquire
                                         Marvin A. Devlin, P.C.
                                         6595-G Roswell Road
                                         Suite 765
                                         Atlanta, Georgia 30328

                                         Juanita Free Devlin, Esquire
                                         Marvin A. Devlin, P.C.
                                         6595-G Roswell Road
                                         Suite 765
                                         Atlanta, Georgia 30328

*This document is filed with the express permission of Plaintiffs' counsel.*

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL, | CIVIL ACTION FILE NO. 1:16-cv-03461-RWS-JKL |
| Plaintiffs, | |
| v. | |
| FULTON COUNTY and SHERIFF THEODORE JACKSON in his official capacity as the Fulton County Sheriff, | |
| Defendants. | |

## <u>SCHEDULING ORDER</u>

Upon review of the information contained in the Joint Preliminary Report and Discovery Plan form completed and filed by the parties, the Court orders that the time limits for adding parties, amending the pleadings, filing motions, completing discovery, and discussing settlement are as set out in the Federal Rules of Civil Procedure and the Local Rules of this Court, except has herein modified:

***<u>This discovery period shall run up to and including                              .</u>***

21

IT IS SO ORDERED, this _____ day of _____, 2017.


_____
HONORABLE JOHN K. LARKINS III
MAGISTRATE JUDGE
UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF GEORGIA

**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION**

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL, | CIVIL ACTION FILE NO. 1:16-cv-03461-RWS-JKL |
| Plaintiffs, | |
| v. | |
| FULTON COUNTY and SHERIFF THEODORE JACKSON in his official capacity as the Fulton County Sheriff, | |
| Defendants. | |

## CERTIFICATE OF SERVICE

THIS IS TO CERTIFY that on this the 1st day of September, 2017, the undersigned counsel has presented this document in Times New Roman, 14 point type in accordance with L.R. 5.1(C) and served a copy of the foregoing **JOINT PRELIMINARY PLANNING REPORT AND DISCOVERY PLAN** upon all parties of record by submitting a true and correct copy of same to the Court's CM/ECF electronic filing system identifying opposing counsel as:

Marvin A. Devlin, Esquire
Marvin A. Devlin, P.C.

23

6595-G Roswell Road
Suite 765
Atlanta, Georgia 30328

Juanita Free Devlin, Esquire
Marvin A. Devlin, P.C.
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30328

This 1st day of September, 2017.

*/s/ Jonathan Loegel*
Jonathan Loegel
Georgia Bar No. 755706
Jonathan.loegel@fultoncountyga.gov

**OFFICE OF THE FULTON COUNTY ATTORNEY**
141 Pryor Street, S.W.
Suite 3048
Atlanta, Georgia 30303
404-612-0246 (office)
404-730-6324 (facsimile)