IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF GEORGIA
ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL<br><br>    Plaintiffs,<br><br>v.<br><br>SHERIFF THEODORE JACKSON, in his Official capacity as the Fulton County Sheriff<br><br>    Defendant. | Civil Action File No.:<br><br>1:16-CV-03461-RWS-JKL |

**PLAINTIFFS' INITIAL DISCLOSURES**

COME NOW, Plaintiffs **Jennifer Stephens, Fayth Bond, Rita Gettis, Kristi Mayo, Deonica Jones, Belinda Zachary, and Tracey General** and file the following disclosures pursuant to Rule 26(a)(1) of the Federal Rules of Civil Procedure and Local Rule of Civil Procedure 26.1.

1.

State precisely the classification of the cause of action being filed, a brief factual outline of the case including plaintiff's contentions as to what defendant did or failed to do, and a succinct statement of the legal issues in the case.

1

**Cause of Action:** *This is an action involving gender discrimination and the violation of Plaintiffs' rights involving drug testing by the Fulton County Sheriff in violation of 42 U.S.C. § 1983.*

**Brief Factual Outline:** *Jennifer Stephens, Fayth Bond, Rita Gettis, Kristi Mayo, Deonica Jones, Belinda Zachary, and Tracey General were subjected to a demeaning and grotesque process, which involved each of them being forced to provide urine samples while being observed by employees of the Fulton County Sheriff's Office and other random persons who were present when testing samples were obtained. Specifically, during this process the Plaintiffs were forced to use bathroom stalls with urine on the toilets and floor, to allow employees of the Sheriff's office to stare at their genitals while attempting to urinate into a plastic cup, to listen to employees of the Sheriff's office offensively comment on their ability to urinate and other bodily functions, and were observed in this delicate situation by random person. Ms. Stephens was so affected by this process that she became physically ill and vomited twice.*

*Not only did this drug testing violate the Defendant's own policies and procedures, it also violated 42 U.S.C. § 1983. As a result of being subjected to this appalling and improper procedure, the plaintiffs suffered severe emotional and psychological distress. Plaintiffs are seeking actual and compensatory damages,*

2

*an award of litigation expenses and costs including attorney's fees, trial by jury, and such other relief as the Court deems just and proper.*

*Plaintiffs filed their Complaint on August 12, 2016 to seek damages caused by Defendant's violations of 42 U.S.C. § 1983, including but not limited to, violation of the Equal Protection Clause of the Fourteenth Amendment, and violation of their Fourth Amendment Right to be Free From Unreasonable Search and Seizure.*

**Legal Issues:**

(1) *Whether Defendant is liable to Plaintiff for violating 42 USC § 1983.*

(2) *If Defendant is found liable to Plaintiff for any of the items listed above, to what damages are Plaintiff entitled including, but not limited actual and compensatory damages, damages for mental, psychological, and emotional distress, and attorney's fees and costs.*

2.

Describe in detail all statutes, codes, regulations, legal principles, standards and customs or usages, and illustrative case law which plaintiff contends are applicable to this action.

**Response:** *Applicable statutes to Plaintiff's knowledge at this time include 42 U.S.C. § 1983. Plaintiff anticipates that this list of authority will be expanded as discovery continues.*

3.

Provide the name and, if known, the address and telephone number of each individual likely to have discoverable information that you may use to support your claims or defenses, unless solely for impeachment, identifying the subjects of the information. (Attach witness list to Initial Disclosures as Attachment A.)

**Response:** *See Attachment A.*

4.

Provide the name of any person who may be used at trial to present evidence under Rules 702, 703, or 705 of the Federal Rules of Evidence. For all experts described in Fed.R.Civ.P. 26(a)(2)(B), provide a separate written report satisfying the provisions of that rule. (Attach expert witness list and written reports to Responses to Initial Disclosures as Attachment B.)

**Response:** *Plaintiffs have not yet identified any witness to testify at trial under the rules listed above. Plaintiff will amend this response in the event that any such witness is identified.*

5.

Provide a copy of, or a description by category and location of, all documents, data compilations or other electronically stored information, and tangible things in your possession, custody, or control that you may use to support your claims or defenses unless solely for impeachment, identifying the subjects of

the information. (Attach document list and descriptions to Initial Disclosures as Attachment C.)

**Response:** *See Attachment C.*

6.

In the space provided below, provide a computation of any category of damages claimed by you. In addition, include a copy of, or describe by category and location of, the documents or other evidentiary material, not privileged or protected from disclosure, on which such computation is based, including materials bearing on the nature and extent of injuries suffered, making such documents or evidentiary material available for inspection and copying as under Fed.R.Civ.P. 34. (Attach any copies and descriptions to Initial Disclosures as Attachment D.)

**Response:** *Plaintiffs are seeking actual and compensatory damages against Defendant, damages for pain and suffering, punitive damages, costs and expenses of litigation, attorney's fees and any other damages the Court deems just and proper.*

7.

Attach for inspection and copying as under Fed.R.Civ.P. 34 any insurance agreement under which any person carrying on an insurance business may be liable to satisfy part or all of a judgment which may be entered in this action or to indemnify or reimburse for payments made to satisfy the judgment. (Attach copy

of insurance agreement to Initial Disclosures as Attachment E.)

**Response:** *Plaintiffs are not in possession of any insurance agreement responsive to this disclosure. Any applicable insurance agreement would be in the Defendant's possession.*

8.

Disclose the full name, address, and telephone number of all persons or legal entities who have a subrogation interest in the cause of action set forth in plaintiffs' cause of action and state the basis and extent of such interest.

**Response:** *None.*

## **ATTACHMENT A**

The following individuals may have knowledge relevant to this case:

1. Jennifer Stephens, Fayth Bond, Rita Gettis, Kristi Mayo, Deonica Jones, Belinda Zachary, and Tracey General have knowledge of the matters on which their complaint is based. Plaintiffs may be contacted through their counsel of record;

2. Sheriff Theodore Jackson should have knowledge about the manner in which Plaintiffs were treated as alleged in their complaint and throughout their employment with the Fulton County Sheriff's Department, and knowledge of the operations of the Fulton County Sheriff's Department regarding the Fulton County Sheriff's Department drug testing policy. Defendant's attorney has possession of his contact information;

3. Employees of the Fulton County EEO Office should have knowledge of the allegations in the Plaintiffs' Complaint. The names and contact information of the individual employees of the Fulton County EEO Office are presently unknown to Plaintiff but should be within Defendant's possession;

4. Plaintiffs reserve the right to amend this list as discovery continues either through written discovery, depositions, and/or amendment of these disclosures.

## **ATTACHMENT B**

Plaintiffs have not yet identified any expert witnesses for this matter. If Plaintiffs use any expert witnesses, they will serve expert reports pursuant to Fed.R.Civ.P. 26(a)(2) at the appropriate time.

## ATTACHMENT C

The following documents may be relevant:

1. The Plaintiffs' personnel file;

2. The Plaintiffs' Fulton County Sheriff's Office department file regarding the specific drug testing conducted regarding the Plaintiffs;

3. Documents and records maintained by the EEO regarding improper drug tests conducted by the Fulton County Sheriff's Department;

4. The Fulton County Sheriff's Department Written Directives on Substance Abuse, Alcohol, and Random Drug Testing

5. Documents identified by Defendant.

Respectfully submitted this 6th day September 2017.

        By: */s/ Juanita F. Devlin*
        Marvin A. Devlin
        Georgia Bar No.: 219969
        mad@marvindevlin.com
        Juanita F. Devlin
        Georgia Bar No.: 426055
        juanita@marvindevlin.com

**Marvin A. Devlin P.C.**
Attorney at Law
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30238
Tel: 404-538-6925
Fax: 404-537-3115
E-Mail: mad@marvindevlin.com

# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF GEORGIA
# ATLANTA DIVISION

| | |
|---|---|
| JENNIFER STEPHENS, FAYTH BOND, RITA GETTIS, KRISTI MAYO, DEONICA JONES, BELINDA ZACHARY, and TRACEY GENERAL,<br><br>Plaintiffs,<br><br>v.<br><br>FULTON COUNTY and SHERIFF THEODORE JACKSON in his Official capacity as the Fulton County Sheriff,<br><br>Defendants. | CIVIL ACTION FILE NO.<br>1:16-cv-03461-RWS-JKL |

## CERTIFICATE OF SERVICE

The undersigned hereby certifies that on this day, a copy of the **PLAINTIFF'S INITIAL DISCLOSURES** was electronically filed using Times New Roman 14 point type in accordance with Local Rule 5.1 B with the Clerk of Court using the CM/ECF system which will automatically send e-mail notification of such filing to all attorneys of record.

This 6th day of September, 2017.

/s/ Juanita F. Devlin
Juanita F. Devlin
Georgia Bar No. 426055
Attorney for Plaintiffs

11

**MARVIN A. DEVLIN P.C.**
Attorney at Law
6595-G Roswell Road
Suite 765
Atlanta, Georgia 30328
Tel:  (404) 538-6925
Facsimile: (404) 537-3115
E-mail:  juanita@marvindevlin.com